Roby E. WATSON, Plaintiff-Respondent,

v.

The MEREDITH DEVELOPMENT COMPANY, a Corporation, Defendant-Appellant.

No. 32418.

St. Louis Court of Appeals.
Missouri.

Dec. 20, 1966.

Greensfelder, Hemker, Wiese, Gale & Chappelow, Mark R. Gale, St. Louis, for defendant-appellant.

Louis S. Czech, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff commenced this action in the Magistrate Court of St. Louis County seeking to recover the sum of $1882.00 alleged to be due for certain construction work performed for defendant. From an adverse judgment defendant appealed to the Circuit Court of the same County. Trial there was to the court, sitting without a jury, and re-

sulted in a judgment against defendant for $1882.00, from which it appealed.

The total amount sought by plaintiff was composed of two items: First, his claim for a balance of $1345.00 alleged to be due him for his work in erecting three prefabricated houses for defendant in a subdivision named Chambers Hill; and second, his claim for $574.75 for sidewalks, driveways and other concrete work laid on Lots 206 and 198 in another subdivision named Glen Owen.[1] As to the first item, plaintiff testified that beginning in March, 1960, he performed carpentry work for defendant on other houses on a unit or contract price. While his entire petition sounded in quantum meruit, plaintiff was permitted to testify, over objection, that upon completion of his initial work Howard Gale, defendant's president, informed him that his compensation for future work would be at the rate of $5.00 per man hour. Subsequently defendant requested plaintiff to erect the three houses in question, and plaintiff did so. It is evident that plaintiff's trial theory was that he and his employees had performed 789 hours of labor on the three houses, which at the agreed rate of $5.00 per hour amounted to $3945.00; that defendant was entitled to a credit of $2600.00 for payments made; and thus that the balance due him was $1345.00.

In an effort to prove the number of hours he and his men had worked plaintiff related that time cards were kept on the job, and that at the end of each week he entered the weekly total onto three time sheets, which he identified, and which he stated were kept in the regular course of his business. Although plaintiff testified that he still retained the original time cards in his office they were not produced, and no testimony was offered as to the manner in which they had been prepared, or the regularity and accuracy of their preparation. With that meager foundation, plaintiff of-

fered the time sheets in evidence but the court sustained defendant's objection that no proper foundation had been laid for their admission, and they were excluded. In his brief plaintiff makes no claim that the time sheets were admissible under the Uniform Business Records as Evidence Act, § 490.660 et seq., RSMo 1959, V.A.M. S., nor does he contend that the court erred in excluding them. In fact, he has not even lodged such time sheets in this court with his other exhibits.

Having failed in his attempt to have the time sheets admitted into evidence his counsel then inquired of plaintiff whether he was able to state the number of hours he and his employees had labored on the three houses. The record shows that before plaintiff answered defendant's attorney interposed the objection that the plaintiff was referring to the time sheets preparatory to answering the question, that plaintiff was getting into evidence the evidence not otherwise admissible, and that he objected to any testimony based upon the exhibits which had been excluded. To meet the objection counsel for plaintiff then asserted that, "If the Court please, it's a matter of refreshing his recollection with records he himself has produced and made," and the court thereupon overruled defendant's objection. Without obtaining an answer to his prior question, plaintiff's counsel propounded another: "Would you refer to the records that you have made relative to the hours that you and your men have put in on Lots 38, 39, and 40?" and plaintiff replied: "On Lot 38, 345 hours; on Lot 39, 229 hours; on Lot 40, 215 hours." Subsequently, after defendant renewed its objection to plaintiff reading from the excluded time sheets, and was overruled, plaintiff gave the total hours worked as 789. He also testified that a charge of $5.00 per man hour was a reasonable charge for carpentry work, but no testimony was offered that 789 hours was

1. These two amounts total more than the $1882.00 claimed, but on cross-examination plaintiff acknowledged that an over- all credit of $137.25 was due defendant for an overpayment on another job.

a reasonable number of hours for the work performed.

Assuming, without deciding, that plaintiff's evidence was sufficient to sustain an action based on quantum meruit as to this item, it is apparent from the record that plaintiff's foregoing testimony was the only evidence introduced regarding the number of hours he and his men had worked on the three houses. Defendant asserts that the court erred in admitting and receiving such testimony, that we must therefore disregard it in our review de novo, and that without it there is not sufficient competent evidence in the record to sustain the judgment.

■ The record is clear that the court permitted plaintiff to read from the time sheets on his counsel's representation that plaintiff was entitled to thereby refresh his recollection. It is, of course, a settled rule that a witness who does not recall or is uncertain about matters concerning which he is called upon to testify may, under certain circumstances and conditions, be permitted to refresh his memory by referring to a memorandum or writing. State v. Bradley, 361 Mo. 267, 234 S.W.2d 556; Voyles v. Columbia Terminals Co., Mo. App., 223 S.W.2d 870. Generally speaking, the question of whether a witness may be allowed to refresh his recollection is a matter reposing in the sound discretion of the trial court, reviewable only for abuse. Winn v. Modern Woodmen of America, 157 Mo.App. 1, 137 S.W. 292; O'Connor v. Egan, Mo.App., 274 S.W.2d 334. However, as we pointed out in Voyles v. Columbia Terminals Co., supra, a sound discretion would ordinarily dictate that a witness should not be asked to refresh his recollection unless it is first established that he has no present recollection and that he needs the aid of a memorandum in order to recall the facts to his mind or otherwise establish them.

■ In general, the situation in which a memorandum may be used by a witness to refresh his memory falls into two categories: (1) where the use of the memorandum revives the present recollection of the witness so that he is then able to testify independently of the memorandum; and (2), where the witness has no present recollection after referring to the memorandum but testifies that he once knew the facts and that they were accurately and correctly recorded in the memorandum he identifies. 125 A.L.R. 19; 58 Am.Jur., Witnesses, § 579; 98 C.J.S. Witnesses § 357; Wigmore on Evidence, 3rd Ed., Vol. III, §§ 734, 758. The first example is frequently referred to as the rule of "present recollection revived" and the second as that of "past recollection recorded," Wigmore, supra; State v. Bradley, 361 Mo. 267, 234 S.W.2d 556; United States v. Riccardi, 3 Cir., 174 F.2d 883. Under the latter rule the question of the veracity and trustworthiness of the memorandum is affected by the timeliness of when it was made. State v. Bradley, supra; Wigmore, supra, § 745; 125 A.L.R. 121.

■ In the instant case no foundation was laid for plaintiff's use of the time sheets as a means of refreshing his recollection, in that it was not shown that he needed the aid of such records to recall the number of hours he and his men had worked. And, after he had referred to the time sheets, it is apparent that his memory of the facts was not so stimulated that he was then able to testify independently of their use. The record shows, on the contrary, that he was asked to read therefrom and that he did so. Hence plaintiff's use of the time sheets did not fall within the rule of present recollection revived. Nor did such use fall within the rule of past recollection recorded, for a number of reasons. The time sheets were not made by plaintiff, or any one else, as a record of events at or about the time they occurred. Rather, as his testimony showed, the information they contained was subsequently compiled from the original entries, the time cards. Furthermore, there was no showing as to the trustworthiness of the time cards, nor even any testimony that plaintiff had accurately

transcribed the data they contained to the time sheets. Thus, there was a total lack of verification of such time sheets. Wolf v. Mallinckrodt Chemical Works, 336 Mo. 746, 81 S.W.2d 323; Gordon & Koppel Clothing Co. v. New York Cent. R. Co., Mo.App., 285 S.W. 755; Security Printing Co. v. Liverpool & London & Globe Ins. Co., Mo.App., 263 S.W. 454. It is obvious that under the guise of refreshing plaintiff's recollection he was erroneously permitted to read from the time sheets which previously had been excluded. Defendant's objection to that procedure should have been sustained. Wolf v. Mallinckrodt Chemical Works, supra.

■ Regarding the second item of his claim, plaintiff testified as to his employment, the number of feet of concrete laid for driveways, sidewalks and other work on each lot, the price per foot thereof, that such prices were fair and reasonable, that demand had been made on defendant for the amount claimed, and that defendant had failed to pay. If admissible such evidence satisfied the essential requisites of plaintiff's action as to that item. Leggett v. Mutual Commerce Cas. Co., Mo., 250 S. W.2d 995; Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W. 2d 974. We note, however, that the record indicates that plaintiff also read from some undisclosed record in connection with this part of his claim, and that defendant's objection in that regard was likewise overruled. What we have heretofore said regarding the propriety of permitting a witness to read from a record under the cloak of refreshing his recollection is equally applicable here.

■ For the reasons stated we must and do hold that there is not sufficient competent evidence in the record to sustain the judgment. However, because it appears that plaintiff may develop the facts in a proper manner he should have an opportunity to do so. Billings v. Paine, Mo., 319 S.W.2d 653; In re Patterson's Estate, Mo.,

348 S.W.2d 6. Therefore, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment is reversed and the cause remanded.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.