Grace **BURIAN**, Plaintiff-Appellant,

v.

Jean M. **DICKENS**,
Defendant-Respondent.

No. 36083.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 5, 1975.

Paul F. Niedner, St. Charles, Kenneth M. Weinstock and Richard A. Ong, St. Louis, for plaintiff-appellant.

James E. Godfrey, Inc., Samuel T. Vandover, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant Grace Burian brought suit to recover damages for personal injuries allegedly sustained when the automobile operated by her husband and in which she was a passenger was struck from the rear by an automobile driven by the defendant-respondent Jean Dickens. The jury returned a verdict for defendant, and plaintiff's motion for a new trial was overruled. On appeal, plaintiff contends that she was denied a fair and impartial trial due to misconduct on the part of defendant's counsel and that the trial court erred and committed plain error in failing to sustain her motion for new trial.

The accident giving rise to this appeal occurred in 1971 at the intersection of Manchester Road and Ballas Road in St. Louis County. The plaintiff's automobile was stopped in a left turn lane waiting for the traffic signal to turn green. Defendant's car was also stopped, two to three feet directly behind the plaintiff's automobile. While waiting for the traffic signal to change, defendant reached for her purse which was on the floor of her automobile.

In doing so she released her foot from the brake pedal causing her automobile to move forward and make contact with the plaintiff's automobile. Defendant testified that her foot did not make contact with the accelerator. Plaintiff did not know how the accident occurred and there was conflicting testimony concerning the force of the impact. Mr. Burian testified that there was "quite a jolt." Defendant testified that the impact was "a slight jar." Although the rear bumper of his automobile was replaced and the rear deck repaired as a result of the accident, Mr. Burian admitted that damage to his car was minor. Plaintiff testified that upon impact she was thrown forward and backward and immediately began to suffer pains in her neck. She also testified that her eye glasses struck the dash board and were broken and that she received slight bruises under both eyes. Mr. Burian made no contention that he was injured.

Shortly after the accident plaintiff was treated by Dr. Cyril Costello, a physician she had known from a previous treatment for a mole on her leg. Dr. Costello's treatments for the neck injury were unsuccessful, and she was referred to Dr. Richard Hollocher, an orthopedic surgeon, for further medical attention.

It was plaintiff's testimony that since the accident she has had continual pains in her neck, shoulders and back and has had difficulty in moving her hand and arm; that her hand is numb and weak; and that she has been severely restricted in her physical and social activities. X-rays taken during her medical treatment established that plaintiff suffers from degenerative cervical arthritis, a condition which existed prior to the accident. Although x-rays and testimony disclosed that plaintiff had sustained a fracture of the C–3 laminal arch in an automobile accident occurring thirty-four years previously, plaintiff denied any awareness of her arthritic condition until after the accident with defendant. The medical witnesses for plaintiff and defendant each

agreed that a slight jolt could aggravate plaintiff's existing condition and cause the discomfort she was experiencing. Dr. Hollocher was plaintiff's only medical expert at trial; Dr. Costello did not testify.

On appeal, plaintiff asserts that defense counsel's misconduct severely prejudiced her case and that the trial court erred in denying her motion for a new trial. She argues that on three separate occasions during his closing argument, defendant's counsel argued outside the evidence by suggesting that the jury consider whether plaintiff's complaints might have existed prior to the accident with defendant. In his closing argument to the jury, defendant's counsel stated:

> "First of all I would like you to recall that the first doctor she went to was her family doctor, Dr. Costello, and I am sure we can assume from that, the doctor who best knew Mrs. Burian not only since the accident, perhaps, but certainly before it occurred as to what her condition was before this contact occurred in December of 1971. Dr. Costello treated her. She went to him because she had been to him before and he would know what her condition was."

Plaintiff's counsel objected on the grounds that there was no evidence that Dr. Costello was plaintiff's family physician and that the statement improperly planted in the jurors' minds that plaintiff knew of her neck condition prior to her 1971 accident. The objection was sustained and the jury instructed to disregard the comment. At a subsequent point in the argument, defendant's counsel told the jury that ". . . before she [plaintiff] can recover any complaints she has must be caused by the accident—not by the arthritic condition." Objection to the comment was sustained. Defendant's counsel also asked the jury "to consider then whether she [plaintiff] had these complaints before this accident hap-

pened." Again, objection was made and sustained, but plaintiff's counsel did not at any time request a mistrial. Thus, plaintiff received all the relief asked for and cannot now complain. *Baumle v. Smith*, 420 S.W.2d 341 (Mo.1967); *Young v. Missouri Public Service Co.*, 374 S.W.2d 59 (Mo.1964); *Marler v. Pinkston*, 293 S.W.2d 385 (Mo. 1956); *State v. Cissna*, 510 S.W.2d 780 (Mo. App.1974).

Plaintiff seeks to invoke the provisions of Rule 79.04, urging that the argument of defendant's counsel resulted in manifest injustice and that plain error was committed.[1] The trial court is vested with broad discretion in controlling argument of trial counsel and we defer to the trial court's judgment unless there is a clear abuse of discretion. *Beesley v. Howe*, 478 S.W.2d 649 (Mo.1972); *Reorganized School Dist. No. 2 v. Missouri Pac. R. Co.*, 503 S.W.2d 153 (Mo.App.1973). *Citizens Discount and Inv. Corp. v. Dixon*, 499 S.W.2d 231 (Mo.App.1973). As stated in *Fisher v. Williams*, 327 S.W.2d 256 at 263 (Mo.1959):

> ". . . [R]esort may be had to the plain error rule only in those exceptional instances 'when the court deems that manifest injustice or miscarriage of justice has resulted therefrom' . . . The rule may not be invoked to excuse mere failure to timely and properly object or to evade the primary responsibility of orderly presentation to the trial court in the first instance."

We cannot find that the misconduct complaint in this case resulted in manifest injustice to plaintiff. Plaintiff's complaint concerning defendant's argument does not rise to the level of plain error; there is no sufficient basis here for the imposition of the plain error rule. The trial court did not abuse its discretion in overruling plaintiff's motion for a new trial.

Plaintiff also asserts that her case was prejudiced by other instances of mis-

---

1. Rule 79.04 was repealed by order of the Supreme Court dated March 21, 1974. Rule 84.13(c) would now be applicable.

conduct by defendant's counsel. During his cross-examination of plaintiff's medical witness, defendant's counsel attempted to place before the jury the contents of a letter written to the witness by Dr. Costello, the first physician to treat the plaintiff after the accident. All efforts by defendant's counsel to place the letter in evidence were thwarted by plaintiff's objections which were sustained on the ground that proper foundation had not been laid. Plaintiff's counsel sought no other relief after the objections were sustained, and he thereby obtained all the relief asked for and may not now complain. Again, we find no abuse of the trial court's discretion in overruling plaintiff's motion for new trial in this regard.

Finally, plaintiff contends that it was plain error for defendant's counsel to argue before the jury that unfavorable inferences could be drawn from plaintiff's failure to call Dr. Costello as a witness. No objection was made to defendant's argument on this point nor was the matter raised in plaintiff's motion for new trial. The conduct of defendant's counsel regarding comments on Dr. Costello's failure to testify was not such as to require the trial court to take action without some stimulus from plaintiff. Without objection or assignment in the motion for new trial plaintiff's final point has not been preserved for appeal. *McCandless v. Manzella*, 369 S.W.2d 188 (Mo.1963); *Fisher v. Williams*, supra; *Stewart v. Boring*, 312 S.W.2d 131 (Mo.1958).

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.