**James T. GRIFFITH,**
**Plaintiff-Respondent,**

v.

**ST. LOUIS–SAN FRANCISCO**
**RAILWAY COMPANY,**
**Defendant-Appellant.**

**No. 38255.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 8, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Jan. 9, 1978.

Gerald D. Morris, St. Louis, for defendant-appellant.

Friedman, Weitzman & Friedman, C. Marshall Friedman, St. Louis, for plaintiff-respondent.

GUNN, Presiding Judge.

Plaintiff-respondent was injured while working as an employee for defendant-appellant, St. Louis-San Francisco Railway Company. Plaintiff sued defendant under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, and received a $150,000 jury verdict. On appeal, defendant contends that the trial court erred: (1) in giving plaintiff's verdict directing instruction; (2) in refusing defendant's converse instruction; (3) in refusing to admit an exhibit of a recorded recollection of a defense witness; (4) in failing to grant a new trial after an alleged prejudicial statement made by plaintiff's counsel in closing argument; (5) in failing to grant a new trial or remittitur by reason of an alleged grossly excessive verdict. We find no error and affirm the judgment.

Plaintiff was employed by defendant in Springfield, Missouri. At the time of his injury, plaintiff was assembling rebuilt air brake pistons which were put together under air pressure. As plaintiff was in the process of assembling an air brake piston, a portion of the piston slipped forward and struck plaintiff on the left eyebrow, and nose, injuring plaintiff's eye. As a result of the injury, plaintiff suffered permanent impairment and distortion of vision. The jury award was $150,000.

■ 1. Defendant first attacks plaintiff's verdict directing instruction which is based on M.A.I. 24.01 and was submitted as follows:

"Your verdict must be for plaintiff if you believe:

First, defendant failed to provide reasonably safe conditions for work, and

Second, defendant was thereby negligent, and

Third, such negligence directly resulted in whole or in part in injury to plaintiff."

Although defendant did not object to the foregoing instruction at trial, on appeal it contends that the verdict director permits an improper roving commission for the jury. Defendant's allegation of error is without merit. The contested instruction has been specifically adopted by our Supreme Court for use in F.E.L.A. cases. See M.A.I. 24.01. As such, its use is mandatory to the exclusion of all others. Rule 70.-01(b); *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255 (Mo.banc 1967).

In *Ricketts v. Kansas City Stock Yards Co. of Maine*, 484 S.W.2d 216 (Mo.banc 1972), regarding an instruction congruent in every respect to plaintiff's verdict director here,[1] it was said, l. c. 221:

"This instruction's wording in what it submitted follows M.A.I. 24.01 which is designed for submission of F.E.L.A. cases."

Defendant's request that we abjure Supreme Court rules and, incidentally, *Ricketts*, is futile. We do not have power to do so. We are bound by the Supreme Court's rules and its decisions. *Pitts v. Malcolm Bliss Mental Health Center*, 521 S.W.2d 501 (Mo.App.1975); *Ritter v. Lindberg Acoustics, Inc.*, 501 S.W.2d 207 (Mo.App.1973). Plaintiff's verdict director is valid, and we are not persuaded to step beyond the bounds of the strictures of our appellate review.

---

1. Defendant claims that the word "thereby" added to paragraph second of the verdict director and which does not appear in M.A.I. 24.01 renders the instruction fatally defective. The word "thereby" caused no concern to the Supreme Court in *Ricketts* and does not here.

■ 2. Defendant submitted the following purported converse instruction to plaintiff's verdict director:

"Your verdict must be for the defendant if you do not believe the nonpressure head slipped out of the reassembly rack while the nonpressure head was under air pressure".

The trial court refused the instruction, which defendant complains was error. We find no error. A converse must be in substantially the same language as that used in the verdict director it converses. *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488 (Mo.App.1975); *Snyder v. Chicago, Rock Island & Pacific Co.*, 521 S.W.2d 161 (Mo.App.1973). Defendant's ostensible converse does not comport with this precept. There was no error in refusing defendant's converse.

■ 3. Defendant argues that it was error for the trial court to refuse to allow one of its witnesses, Loren Tate, to refresh his memory from a written statement he had made shortly after the accident and in refusing to admit the statement into evidence. Mr. Tate was plaintiff's foreman on the date of the accident. He testified as to the condition of the air brake procedures subsequently taken by defendant to prevent further occurrences of the particular accident experienced by plaintiff. Defendant sought to introduce into evidence a written report prepared by Mr. Tate after the accident stating the corrective measures taken by defendant to avert similar happenings. The alleged purpose of the written statement was to refresh Mr. Tate's recollection as to what had happened on the date of the accident. The fact is that Mr. Tate had already testified clearly and unhesitatingly regarding everything that was contained in the proffered statement. As stated in *Watson v. Meredith Development Co.*, 410 S.W.2d 338, 341 (Mo.App.1966):

"Generally speaking, the question of whether a witness may be allowed to refresh his recollection is a matter reposing in the sound discretion of the trial court, reviewable only for abuse. (citations omitted) However, . . . a sound discretion would ordinarily dictate that a witness should not be asked to refresh his recollection unless it is first established that he has no present recollection and that he needs the aid of a memorandum in order to recall the facts to his mind or otherwise establish them."

From the record, it is clear that Mr. Tate needed nothing to refresh his recollection for the substance of his testimony. There was no abuse of discretion in the trial court's refusal to receive the written statement in evidence. Furthermore, where a witness has not been impeached, prior consistent out of court statements, written or oral, are not admissible to bolster his in court testimony. The out of court statement is hearsay and is not admissible under any exception to the hearsay rules.

■ 4. During his closing argument, plaintiff's counsel made a statement conveying the impression that defendant would "get rid of" plaintiff after the case was over. Defendant's counsel objected to the comment, and the objection was sustained. No further relief was requested. Defendant, in its brief, states that "[i]t may be argued that the trial court sustained defendant's objection to the argument and that defendant got the relief it requested." We agree. Defendant did get all the relief it requested and is not now in position to complain. *State v. Rutherford*, 554 S.W.2d 584 (Mo.App.1977); *Burian v. Dickens*, 527 S.W.2d 26 (Mo.App.1975). We find no abuse of discretion in the trial court's failure sua sponte to declare a mistrial nor does any basis exist, as defendant contends, to reverse and remand merely because the statement was made late in the trial during closing argument, which, according to defendant, would make a request for a mistrial futile.

5. Finally, defendant suggests that the jury verdict of $150,000 was overly munificent and demonstrated bias and prejudice. In the alternative, defendant argues that we should order a remittitur.

■ The evidence disclosed that as a result of being struck in the eye and eye-

brow by a portion of the air brake piston on which he was working, plaintiff suffered serious and permanent injury to his eye. There was competent medical testimony that plaintiff's vision would be permanently distorted, not correctable by the use of eye glasses; that his vision was impaired. There was also medical testimony that by reason of the injury sustained the possibility exists that plaintiff's visual problems could be aggravated; that complications such as glaucoma and retinal detachment could ultimately occur with loss of sight of the injured eye. Defendant does not challenge the fact that the plaintiff was injured or that permanent visual distortion did occur as a result of the injury. The jury is vested with broad discretion in affixing the amount of the award as is the trial judge in determining whether to order a remittitur. *Blond v. Overesch*, 527 S.W.2d 663 (Mo.App. 1975). Giving consideration to the nature and extent of plaintiff's injuries, their permanence, the plaintiff's age—38 at the time of the injury—consideration of economic factors, awards in other cases and the jury's superior position to appraise the injury, we cannot say that the jury award was excessive or that the trial court abused its discretion in failing to order a remittitur. *Bedwell v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 509 S.W.2d 81 (Mo.1974); *McDowell v. Southwestern Bell Tel. Co.*, 546 S.W.2d 160 (Mo.App.1976); *Strake v. R. J. Reynolds Tobacco Co.*, 539 S.W.2d 715 (Mo. App.1976); *Woodford v. Illinois Central Gulf Railroad Co.*, 518 S.W.2d 712 (Mo.App. 1974). Under the circumstances of this case, we do not believe that the fact that the record fails to disclose plaintiff lost work time from his injury is a significant factor for reducing the verdict.

Judgment affirmed.

WEIER and KELLY, JJ., concur.