Gary Lee MARSHELL, Respondent,

v.

BURLINGTON NORTHERN, INC., Successor by Merger to St. Louis-San Francisco Railway Company, Appellant.

No. 43794.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Daniel M. Buescher, St. Louis, for appellant.

C. Marshall Friedman, Newton G. McCoy, Friedman Weitzman & Friedman, P.C., St. Louis, for respondent.

CRANDALL, Judge.

This suit was brought under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, by respondent Gary Lee Marshell against his employer the St. Louis-San Francisco Railway Company, appellant. Respondent was a carman with the appellant railway company.

On November 5, 1975, in the course of his work for the appellant, respondent was injured in an explosion in the shower room on the appellant's premises. In this jury-tried case, a verdict was rendered in favor of respondent in the amount of $300,000. The trial court entered judgment on that verdict, overruled the appellant's post-trial motions and this appeal ensued. Four points are raised, all of which relate to instruction by the trial court on the issue of damages.[1] We affirm.

Appellant first alleges error by the trial court in failing to give appellant's proffered Instruction E, a "present value" instruction. Instruction E reads as follows:

If you find in favor of plaintiff and decide to make an award for any loss of earnings in the future, you must take into account the fact that the money awarded by you is being received all at one time instead of over a period of time extending into the future and that plaintiff will have the use of this money in a lump sum. You must therefore determine the present value or present worth

---

1. Respondent argues that these points should not be considered because the issue of excessiveness of damages is not raised by appellant on appeal. We disagree. A separate point that the verdict is excessive is not needed if the error relates to instructions on damages. *Myers v. Bi-State Dev. Agency,* 567 S.W.2d 638, 643 n.1 (Mo. banc 1978).

of the money which you award for such future loss.

Respondent was permitted to give MAI 8.02.[2] Any further explanation of the MAI damages instruction by the tendered Instruction E is not acceptable procedure under MAI. *Dunn v. St. Louis-San Francisco Railway*, 621 S.W.2d 245, 253 (Mo. banc 1981), *cert. denied sub nom.*, —— U.S. ——, 102 S.Ct. 1007, 71 L.Ed.2d 298 (1982); *Brazell v. St. Louis Southwestern Railway*, 632 S.W.2d 277, at 285 (Mo.App.1982); Rule 70.02(b). Appellant's first contention is without merit.

■ Appellant next contends that the trial court erred in giving MAI 8.02 and MAI 24.01.[3] Appellant concedes that the giving of the contested instructions are mandated by Rule 70.01(b) but argues that the instructions are a misstatement of the substantive law. Appellant requests that we disregard Supreme Court Rules, an act that we are powerless to perform as we are bound by the Supreme Court Rules and decisions that mandate the use of these instructions. *Griffith v. St. Louis-San Francisco Railway*, 559 S.W.2d 278, 280 (Mo. App.1977), *cert. denied*, 436 U.S. 926, 98 S.Ct. 2821, 56 L.Ed.2d 769 (1978; *White v. St. Louis-San Francisco Railway*, 602 S.W.2d 748, 754 (Mo.App.1980). Appellant's contention is without merit.

Appellant finally contends that the trial court erred in refusing appellant's tendered Instruction D, relating to speculative damages. Instruction D reads as follows:

You are not permitted to award the plaintiff speculative damages by which term is meant compensation for future detriment which, although possible, is remote, conjectural or speculative. You can only award for future detriment if a preponderance of the evidence shows such a degree of probability of that detriment occurring as amounts to a reasonable certainty that it will result from the original injury in question.

Instruction D is not in MAI. As previously noted MAI 8.02, a damages instruction, was properly given in this case. Any further explanation of the MAI damages instruction by the tendered Instruction D is not acceptable procedure under MAI.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.

---

2. If you find the issues in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a result of the occurrence mentioned in the evidence.
   If you find plaintiff contributorily negligent as submitted in Instruction Number 7, then you must diminish the sum in proportion to the amount of the negligence attributable to plaintiff.
   The trial court also gave an instruction that told the jury that "if your verdict is in favor of plaintiff your award will not be subject to any income taxes and you should not consider such taxes in fixing the amount of your award." These two instructions have been combined in MAI 8.02 in the 1981 revision.

3. The court gave MAI 24.01 as follows:
   Your verdict must be for plaintiff if you believe:
   First, defendant either failed to provide: reasonably safe conditions for work, or reasonably safe methods of work, and
   Second, defendant in any one or more of the respects submitted in Paragraph First was negligent, and
   Third, defendant knew or by using ordinary care should have known of such conditions, and that such conditions were reasonably likely to cause substantial harm, and
   Fourth, such negligence resulted in whole or in part in injury to plaintiff.