NO. 07-05-0400-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 23, 2007
_____

JOE SIMMONS D/B/A CIMARRON CUSTOM HOMES, APPELLANT

V.

BOB MCKINNEY AND WIFE, LINDA MCKINNEY, APPELLEES
_____

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY;

NO. 2005-0000168M-CV; HONORABLE ROGER TOWERY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Joe Simmons, appeals from the granting of a default judgment in favor of appellees, the McKinneys, and the denial of his motion for new trial. By three issues, Simmons contends that the trial court committed reversible error. We affirm.

**Factual & Procedural Background**

Simmons entered into a contract to build a home for the McKinneys. Disputes arose over the quality of the work performed by Simmons and Simmons's ability to pay his

subcontractors. Eventually, the McKinneys fired Simmons. Simmons retained legal counsel and threatened legal action. Simmons subsequently placed a mechanic's and materialmen's lien on the McKinney property. The McKinneys then filed suit and obtained service upon Simmons. The return of service on Simmons was filed with the District Clerk on June 7, 2005. Simmons did not file an answer by June 27, the date the answer came due. On July 19 at approximately 10:30 P.M. counsel for Simmons faxed a general denial and counterclaim to the McKinneys' counsel. The next morning, the McKinneys appeared before the trial court, proved up the damages, and were granted a default judgment. Later that day, at approximately 2:29 P.M., Simmons filed his answer and counterclaim with the district clerk. Simmons did not receive notice of the default judgment taken against him until August 24, 2005. Upon learning of the default judgment, Simmons filed a motion to extend postjudgment deadlines, motion for new trial, and notice of appeal. The trial court granted the motion to extend the postjudgment deadlines. The motion for new trial was not set for hearing and was overruled by operation of law.

Simmons contends by three issues that the trial court committed reversible error by: 1) granting a default judgment when Simmons had provided an answer and counterclaim by fax to opposing counsel's office pursuant to Texas Rule of Civil Procedure 21a; 2) granting a default judgment when opposing counsel had constructive notice of an answer and counterclaim and opposing counsel provided no notice of hearing on the default judgment; and 3) not granting a new trial based upon the test in Craddock v. Sunshine Bus Lines, Inc.

**Effect of Faxing the Answer to McKinney's Counsel**

In his first two issues, Simmons posits that, since he faxed the answer and counterclaim to counsel for the McKinneys, the McKinneys could not subsequently obtain a default judgment, especially without giving notice of the default hearing. To support his position, Simmons directs this court to Texas Rule of Civil Procedure 21a for the proposition that, since McKinneys have never denied receiving the fax, at approximately 10:30 P.M., McKinneys had constructive notice of Simmons's answer and could not obtain a default judgment, especially without notice. See TEX. R. CIV. P. 21a. We disagree.

First, the cases that Simmons cites for the proposition that constructive notice to the McKinneys precludes a default judgment or, at least, requires the judgment to be set aside are all cases construing Texas Rule of Civil Procedure 5 and are all cases where the pertinent document was placed in the mail and mailed, not to opposing counsel as in this case, but rather, to the appropriate clerk's office. See Milam v. Miller, 891 S.W.2d 1, 2 (Tex.App.–Amarillo 1994, writ ref'd); Thomas v. Gelber Group, Inc., 905 S.W.2d 786, 789 (Tex.App.–Houston [14th Dist] 1995, no writ). In other words, they are cases where an answer was filed as opposed to being served on opposing counsel. Simmons has directed this court to no cases supporting the theory that an answer sent to counsel after hours by fax will be construed the same as an answer filed at the courthouse via the "mail box" rule. To answer a law suit, a defendant must make an appearance in the suit or file an answer with the court seeking a judgment or decision by the court on some question. United Nat'l Bank v. Travel Music of San Antonio, Inc., 737 S.W.2d 30, 33 (Tex.App.–San Antonio

3

1987, writ ref'd n.r.e.). An appearance ordinarily means the process of submission of a person to the jurisdiction of the court. Forty-Acre Spring Live Stock Co. v. West Texas Bank & Trust Co., 111 S.W. 417, 419 (Tex. Civ. App. 1908, writ ref'd).

Next, Simmons contends that, since the McKinneys had constructive notice via the after hours fax, a hearing on the default judgment could not be held without actual notice to Simmons. Again, the case cited by Simmons is distinguishable from the present case because the defendant had made an actual appearance in the law suit before entry of the default judgment. See Hamel v. Providence Const., Inc., No. 04-03-0766-CV, 2004 WL 1968277, at *1 (Tex.App.– San Antonio Sept. 8, 2004, pet. denied). A defendant who has made an appearance in a cause is entitled to notice of the trial setting. LBL Oil Co. v. Int'l Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). However Simmons did not make an appearance in this law suit prior to entry of the default judgment. Without an appearance, the due process requirements for notice, as outlined in LBL Oil, were not triggered and the Mckinney's failure to give notice does not result in a requirement to overturn the default judgment. Id. There having been no answer filed nor any appearance made in court Simmons's first two issues are overruled.

**Motion For New Trial**

Simmons's last contention is that his motion for new trial should have been granted because he demonstrated that his failure to file an answer was not intentional or due to conscious indifference, but was due to mistake or accident; that his motion set up a meritorious defense; and that granting the motion would not work an undue hardship on

4

the McKinneys. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). We disagree.

Initially, we note that it is up to the trial court to determine whether Simmons met the requirements of Craddock. We will not disturb the trial court's ruling except upon a showing that the ruling is an abuse of discretion. Cliff v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987). However, the trial court should liberally construe the evidence when passing upon a motion for new trial. Sexton v. Sexton, 737 S.W.2d 131, 133 (Tex.App.–San Antonio 1987, no writ). When the guidelines of Craddock have been met, it is an abuse of discretion to deny a new trial. Tanknology/NDE Corp. v. Bowyer, 80 S.W.3d 97, 100 (Tex.App.–Eastland 2002, no pet.).

The first issue to be determined is whether Simmons's failure to file an answer was intentional or due to conscious indifference. Simmons avers that his failure to file an answer was due to an accident or mistake. After reviewing the entire record, we find no evidence supporting Simmons's accident/mistake contention. Simmons simply states, in his motion for new trial, that his failure to answer was an accident or mistake. Likewise, Simmons's trial counsel's affidavit does no more than state that the failure to file was due to accident or mistake. Nowhere, in fact, does Simmons identify why the answer was not filed.

We are aware that some excuse, and not necessarily a good excuse, will be sufficient to grant a new trial. In re R.H., 75 S.W.3d 126, 131 (Tex.App.–San Antonio 2002, no pet.), overruled on other grounds by In re K.C., 88 S.W.3d 277, 278

5

(Tex.App.–San Antonio 2002, pet. denied).  An unchallenged assertion alone is enough to warrant a new trial.  <u>Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield</u>, 71 S.W.3d 351, 357 (Tex.App.–Tyler 2001, pet. denied).  However, the movant's motion and evidence must set forth facts that, if true, would negate intentional or consciously indifferent conduct.  <u>Strackbein v. Prewitt</u>, 671 S.W.2d 37, 38-39 (Tex. 1984).

In the present case Simmons offered no excuse, good or bad, to explain his failure to file an answer.  In the light of the record, we conclude that Simmons has failed to negate the trial court's finding that Simmons's failure to answer was intentional or the result of conscious indifference.  Nothing in this record supports a finding that the failure to answer was the result of mistake or accident.  Accordingly, Simmons's contention alleging error by the trial court in overruling his motion for new trial is overruled.

**Conclusion**

Having overruled Simmons's contentions, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

6