

IN THE
TENTH COURT OF APPEALS

No. 10-07-00369-CV

TREY DAVIS AND MONEY OF THE
UNITED STATES IN THE AMOUNT
OF $15,273.25,

Appellants

v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court No. 04-000476-CV-85

MEMORANDUM OPINION

Trey Davis appeals the trial court's overruling of Trey's motion for new trial.  We reverse.

In a search of the house of Trey's father, W. E. Davis, pursuant to a search warrant, police officers found $15,273.25 in cash, including $14,000.25 in Trey's bedroom, in January, 2004.  The State petitioned for forfeiture of the cash as contraband pursuant to Texas Code of Criminal Procedure Chapter 59.  *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01-59.14 (Vernon 2006 & Supp. 2007).  Trey did not answer, and the trial court

rendered an interlocutory default judgment of forfeiture as to Trey's interest in the cash. The trial court thereafter rendered final judgment of forfeiture as to Trey's interest, and as to W. E.'s interest in all but $1,471.00 of the cash. Trey filed a motion for new trial, which was overruled by operation of law.

In one issue, Trey contends that the trial court erred in overruling Trey's motion for new trial.

"We review a trial court's denial of a motion for new trial for abuse of discretion." *In re R.R.,* 209 S.W.3d 112, 114 (Tex. 2006) (per curiam) (citing *Director, State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994)); *accord United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex. 1976) (per curiam); *Freeman v. Pevehouse,* 79 S.W.3d 637, 640 (Tex. App.—Waco 2002, no pet.); *see Ables v. Donley,* 8 Tex. 331, 336 (1852).

> A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff.

*R.R.,* 209 S.W.3d at 114-15 (citing *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939)); *see Levine v. Shackelford, Melton & McKinley, L.L.P.,* 248 S.W.3d 166, 167 (Tex. 2008) (per curiam).

"Failing to file an answer intentionally or due to conscious indifference," so as to fail to satisfy the first *Craddock* prong, "means 'the defendant knew it was sued but did not care.'" *R.R.,* 209 S.W.3d at 115 (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 576 (Tex. 2006) (per curiam)); *see Craddock,* 134 Tex. 388, 133 S.W.2d 124.

"When determining whether the defendant's failure to file an answer was intentional or due to conscious indifference, a court looks to the knowledge and acts of the defendant." *R.R.* at 115 (citing *Evans,* 889 S.W.2d at 269). "[S]ome excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *Id.* (citing *Fid. & Guar.* at 576); *see Craddock,* 134 Tex. at 391-92, 133 S.W.2d at 125.

"A meritorious defense has been set up so as to meet the second *Craddock* prong if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are controverted." *R.R.,* 209 S.W.3d at 116 (citing *Evans,* 889 S.W.2d at 270); *see Craddock,* 134 Tex. 388, 133 S.W.2d 124.

"[A]n offer to reimburse the plaintiff for costs incurred in obtaining the default judgment or readiness for trial may be important factors for the trial court to look at in determining whether" the movant has satisfied the third *Craddock* prong. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987) (citing *Angelo v. Champion Rest. Equip. Co.,* 713 S.W.2d 96, 97 (Tex. 1986)); *accord Villegas v. Morse,* No. 10-06-00415-CV, 2008 Tex. App. LEXIS 4496, at *9-10 (Tex. App.—Waco June 18, 2008, no pet. h.) (mem. op.); *see Craddock,* 134 Tex. 388, 133 S.W.2d 124; *cf. R.R.,* 209 S.W.3d at 116-17. "If a defendant alleges that granting a new trial will not injure the plaintiff, the burden then shifts to the plaintiff to present proof of injury." *R.R.* at 116 (citing *Evans,* 889 S.W.2d at 270).

"[T]he trial court should liberally construe the evidence when passing upon a motion for new trial." *Simmons v. McKinney,* 225 S.W.3d 706, 709 (Tex. App.—Amarillo

2007, no pet.); *accord Sexton v. Sexton,* 767 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ).

> 1. Trey's motion for new trial, supported by his affidavit, stated:

> When [Trey] was served with notice of this suit he was incarcerated in the Brazos County Jail. He gave this petition to his father, W.E. Davis. W. E. Davis had also been served with notice of this suit as well as two other forfeiture suits. Dan Cogdell, an attorney in Houston, Texas, had been hired to represent [Trey] in his pending criminal case in Brazos County, and Cogdell filed an answer on behalf of W. E. Davis in this suit and also was supposed to file an answer on behalf of [Trey]. No answer was filed.

(1 C.R. at 53.)

The State argues that Trey's statements are not corroborated by other affidavits, and the State refers to the record of the hearing on W. E.'s interest, which is not before us. The State also points to W. E.'s answer, which Cogdell filed on behalf of W. E. only. But Cogdell's having filed an answer for W. E. does not tend to contradict Trey's allegation that Cogdell was "supposed" to answer for Trey as well.

Construing the evidence liberally, we hold that the evidence shows that Trey's failure to file an answer was not because he did not care, and thus Trey satisfied the first *Craddock* element.

> 2. Trey's motion for new trial, supported by his affidavit, stated that the cash in his bedroom did not constitute contraband, but "was monies that" he "had received from two insurance claims that were settled and paid in 2003." (1 C.R. at 53); *see* TEX. CODE CRIM. PROC. ANN. art. 59.01(2) (Vernon Supp. 2007). Trey's motion describes the incidents that gave rise to the two settlements, and the circumstances and amount of each.

The State does not argue that Trey failed to satisfy the second *Craddock* element, meritorious defense.

Construing the evidence liberally, we hold that Trey's allegations, if proved, would constitute a meritorious defense to the forfeiture action, and thus that Trey satisfied the second *Craddock* element.

3.   Trey's motion for new trial, supported by his affidavit, stated that he "is ready for trial and is willing to reimburse" the State "for all reasonable expenses incurred in obtaining the interlocutory default judgment."  (1 C.R. at 54.)

The State does not argue that Trey failed to satisfy the third *Craddock* element, prejudice to the State.

Construing the evidence liberally, we hold that the evidence shows that the State would not be prejudiced by a new trial, and thus that Trey satisfied the third *Craddock* element.

CONCLUSION.  The trial court abused its discretion in overruling Trey's motion.  We sustain Trey's issue.

Having sustained Trey's sole issue, we reverse and remand.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Reversed and remanded
Opinion delivered and filed September 17, 2008
[CV06]