IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00369-CV

 

Trey Davis and Money of the 

United States in the amount 

of $15,273.25,

                                                                                    Appellants

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 04-000476-CV-85

 



MEMORANDUM  Opinion










 

        Trey Davis appeals the trial
court’s overruling of Trey’s motion for new trial.  We reverse.

        In a search of the house of
Trey’s father, W. E. Davis, pursuant to a search warrant, police officers
found $15,273.25 in cash, including $14,000.25 in Trey’s bedroom, in January,
2004.  The State petitioned for forfeiture of the cash as contraband pursuant
to Texas Code of Criminal Procedure Chapter 59.  See Tex. Code Crim. Proc. Ann.
arts. 59.01-59.14 (Vernon 2006 & Supp. 2007).  Trey did not answer,
and the trial court rendered an interlocutory default judgment of forfeiture as
to Trey’s interest in the cash.  The trial court thereafter rendered final
judgment of forfeiture as to Trey’s interest, and as to W. E.’s interest
in all but $1,471.00 of the cash.  Trey filed a motion for new trial, which was
overruled by operation of law.

        In one issue, Trey contends
that the trial court erred in overruling Trey’s motion for new trial.   

        “We review a trial court’s
denial of a motion for new trial for abuse of discretion.”  In re R.R., 209
S.W.3d 112, 114 (Tex. 2006) (per curiam) (citing Director, State Employees
Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994)); accord
United Beef Producers, Inc. v. Lookingbill, 532 S.W.2d 958, 959 (Tex. 1976)
(per curiam); Freeman v. Pevehouse, 79 S.W.3d 637, 640 (Tex. App.—Waco
2002, no pet.); see Ables v. Donley, 8 Tex. 331, 336
(1852).

A default judgment should be set aside and a new
trial granted if (1) the failure to answer was not intentional or the
result of conscious indifference but was due to a mistake or accident,
(2) the defendant sets up a meritorious defense, and (3) the motion
is filed at such time that granting a new trial would not result in delay or
otherwise injure the plaintiff.

R.R., 209 S.W.3d at 114-15 (citing Craddock v.
Sunshine Bus Lines, Inc., 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939)); see
Levine v. Shackelford, Melton & McKinley, L.L.P., 248 S.W.3d 166, 167 (Tex. 2008) (per curiam).

        “Failing to file an answer
intentionally or due to conscious indifference,” so as to fail to satisfy the
first Craddock prong, “means ‘the defendant knew it was sued but did not
care.’”  R.R., 209 S.W.3d at 115 (quoting Fid. & Guar. Ins. Co.
v. Drewery Constr. Co., 186 S.W.3d 571, 576 (Tex. 2006) (per curiam)); see
Craddock, 134 Tex. 388, 133 S.W.2d 124.  “When determining whether the
defendant’s failure to file an answer was intentional or due to conscious
indifference, a court looks to the knowledge and acts of the defendant.”  R.R.
at 115 (citing Evans, 889 S.W.2d at 269).  “[S]ome excuse, although
not necessarily a good one, will suffice to show that a defendant’s failure to
file an answer was not because the defendant did not care.”  Id. (citing
Fid. & Guar. at 576); see Craddock, 134 Tex. at 391-92, 133
S.W.2d at 125.  

        “A meritorious defense has
been set up so as to meet the second Craddock prong if the facts alleged
in the movant’s motion and supporting affidavits set forth facts which in law
constitute a meritorious defense, regardless of whether those facts are
controverted.”  R.R., 209 S.W.3d at 116 (citing Evans, 889 S.W.2d
at 270); see Craddock, 134 Tex. 388, 133 S.W.2d 124. 

        “[A]n offer to reimburse the
plaintiff for costs incurred in obtaining the default judgment or readiness for
trial may be important factors for the trial court to look at in determining
whether” the movant has satisfied the third Craddock prong.  Cliff v.
Huggins, 724 S.W.2d 778, 779 (Tex. 1987) (citing Angelo v. Champion
Rest. Equip. Co., 713 S.W.2d 96, 97 (Tex. 1986)); accord Villegas v.
Morse, No. 10-06-00415-CV, 2008 Tex. App. LEXIS 4496, at *9-10 (Tex. App.—Waco June 18, 2008, no pet. h.) (mem. op.); see Craddock, 134 Tex. 388, 133 S.W.2d
124; cf. R.R., 209 S.W.3d at 116-17.  “If a defendant alleges that
granting a new trial will not injure the plaintiff, the burden then shifts to
the plaintiff to present proof of injury.”  R.R. at 116 (citing Evans,
889 S.W.2d at 270).

        “[T]he trial court should
liberally construe the evidence when passing upon a motion for new trial.”  Simmons
v. McKinney, 225 S.W.3d 706, 709 (Tex. App.—Amarillo 2007, no pet.); accord
Sexton v. Sexton, 767 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no
writ).

        1.     Trey’s motion for new
trial, supported by his affidavit, stated:

When [Trey] was served with notice of this suit he
was incarcerated in the Brazos County Jail.  He gave this petition to his
father, W.E. Davis.  W. E. Davis had also been served with notice of this suit
as well as two other forfeiture suits.  Dan Cogdell, an attorney in Houston,
Texas, had been hired to represent [Trey] in his pending criminal case in
Brazos County, and Cogdell filed an answer on behalf of W. E. Davis in
this suit and also was supposed to file an answer on behalf of [Trey].  No
answer was filed.

(1 C.R. at 53.)

        The State argues that Trey’s
statements are not corroborated by other affidavits, and the State refers to
the record of the hearing on W. E.’s interest, which is not before us. 
The State also points to W. E.’s answer, which Cogdell filed on behalf of
W. E. only.  But Cogdell’s having filed an answer for W. E. does not
tend to contradict Trey’s allegation that Cogdell was “supposed” to answer for
Trey as well.

        Construing the evidence
liberally, we hold that the evidence shows that Trey’s failure to file an
answer was not because he did not care, and thus Trey satisfied the first Craddock
element.

        2.     Trey’s motion for new
trial, supported by his affidavit, stated that the cash in his bedroom did not
constitute contraband, but “was monies that” he “had received from two
insurance claims that were settled and paid in 2003.”  (1 C.R. at 53); see Tex. Code Crim. Proc. Ann. art.
59.01(2) (Vernon Supp. 2007).  Trey’s motion describes the incidents that gave
rise to the two settlements, and the circumstances and amount of each.  

        The State does not argue that
Trey failed to satisfy the second Craddock element, meritorious defense.

        Construing the evidence
liberally, we hold that Trey’s allegations, if proved, would constitute a
meritorious defense to the forfeiture action, and thus that Trey satisfied the
second Craddock element.

        3.     Trey’s motion for new
trial, supported by his affidavit, stated that he “is ready for trial and is
willing to reimburse” the State “for all reasonable expenses incurred in
obtaining the interlocutory default judgment.”  (1 C.R. at 54.)  

        The State does not argue that
Trey failed to satisfy the third Craddock element, prejudice to the
State.

        Construing the evidence
liberally, we hold that the evidence shows that the State would not be
prejudiced by a new trial, and thus that Trey satisfied the third Craddock element.

        Conclusion.  The trial court abused its discretion in
overruling Trey’s motion.  We sustain Trey’s issue.

        Having
sustained Trey’s sole issue, we reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed September 17, 2008

[CV06]