IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00315-CR

 

Howard Johnson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 06-04179-CRF-85

 



ORDER



 

            Before the Court is
Appellant Howard Johnson’s pro se motion to obtain grand jury
testimony.  Johnson argues that this testimony is necessary to establish that
the arresting officer knew that there was no probable cause for Johnson’s
arrest despite his trial testimony to the contrary.  Johnson argues that there
was no probable cause to support his arrest because a female passenger in his
car claimed ownership of the crack cocaine which was found in his car and for
which he was arrested.  We will deny the motion.

            To obtain a transcript of
grand jury testimony, a defendant must file a petition for disclosure showing
“a particularized need.”  Tex. Code
Crim. Proc. Ann. art. 20.02(d) (Vernon Supp. 2008).  Such a petition
“must be filed in the district court in which the case is pending.”  Id. art. 20.02(e) (Vernon Supp. 2008) (emphasis added).  In other words, a petition
for disclosure of grand jury testimony must be filed in the trial court.

            No evidence regarding the
grand jury proceedings was presented at Johnson’s trial.  Our decision in his
appeal must be based on the evidence presented to the jury and any relevant
pretrial or postrial proceedings conducted in the trial court.  Perhaps
the issue Johnson seeks to pursue may be raised in a post-conviction habeas
proceeding, but it may not be pursued in this Court at this stage in the
proceedings because it was not first presented to the trial court.  See Tex. R. App. P. 33.1(a) (to present a
complaint for appellate review, “the record must show that  .  .  .  the
complaint was made to the trial court”).  Accordingly, Johnson’s pro se
motion to obtain grand jury testimony is denied.

            This is an Anders
appeal.  Johnson’s attorney filed his Anders brief on July 21, 2008. 
Although Johnson’s pro se brief or response was due thirty days later,
he has yet to file same.  Instead he has filed numerous other motions and
extension requests, including the motion being denied today.  Therefore,
Johnson is hereby notified that his pro se brief or response is due
within twenty-one days after the date of this Order.  No further extensions
will be considered.

PER CURIAM

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the denial of Johnson’s motion to obtain the grand jury
testimony but not the Court’s order.  A separate opinion or order will not
issue.)

Motion denied

Order issued
and filed December 17, 2008

Do not publish

[CR25]

 

 








 






ose facts are
controverted.”  R.R., 209 S.W.3d at 116 (citing Evans, 889 S.W.2d
at 270); see Craddock, 134 Tex. 388, 133 S.W.2d 124. 

        “[A]n offer to reimburse the
plaintiff for costs incurred in obtaining the default judgment or readiness for
trial may be important factors for the trial court to look at in determining
whether” the movant has satisfied the third Craddock prong.  Cliff v.
Huggins, 724 S.W.2d 778, 779 (Tex. 1987) (citing Angelo v. Champion
Rest. Equip. Co., 713 S.W.2d 96, 97 (Tex. 1986)); accord Villegas v.
Morse, No. 10-06-00415-CV, 2008 Tex. App. LEXIS 4496, at *9-10 (Tex. App.—Waco June 18, 2008, no pet. h.) (mem. op.); see Craddock, 134 Tex. 388, 133 S.W.2d
124; cf. R.R., 209 S.W.3d at 116-17.  “If a defendant alleges that
granting a new trial will not injure the plaintiff, the burden then shifts to
the plaintiff to present proof of injury.”  R.R. at 116 (citing Evans,
889 S.W.2d at 270).

        “[T]he trial court should
liberally construe the evidence when passing upon a motion for new trial.”  Simmons
v. McKinney, 225 S.W.3d 706, 709 (Tex. App.—Amarillo 2007, no pet.); accord
Sexton v. Sexton, 767 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no
writ).

        1.     Trey’s motion for new
trial, supported by his affidavit, stated:

When [Trey] was served with notice of this suit he
was incarcerated in the Brazos County Jail.  He gave this petition to his
father, W.E. Davis.  W. E. Davis had also been served with notice of this suit
as well as two other forfeiture suits.  Dan Cogdell, an attorney in Houston,
Texas, had been hired to represent [Trey] in his pending criminal case in
Brazos County, and Cogdell filed an answer on behalf of W. E. Davis in
this suit and also was supposed to file an answer on behalf of [Trey].  No
answer was filed.

(1 C.R. at 53.)

        The State argues that Trey’s
statements are not corroborated by other affidavits, and the State refers to
the record of the hearing on W. E.’s interest, which is not before us. 
The State also points to W. E.’s answer, which Cogdell filed on behalf of
W. E. only.  But Cogdell’s having filed an answer for W. E. does not
tend to contradict Trey’s allegation that Cogdell was “supposed” to answer for
Trey as well.

        Construing the evidence
liberally, we hold that the evidence shows that Trey’s failure to file an
answer was not because he did not care, and thus Trey satisfied the first Craddock
element.

        2.     Trey’s motion for new
trial, supported by his affidavit, stated that the cash in his bedroom did not
constitute contraband, but “was monies that” he “had received from two
insurance claims that were settled and paid in 2003.”  (1 C.R. at 53); see Tex. Code Crim. Proc. Ann. art.
59.01(2) (Vernon Supp. 2007).  Trey’s motion describes the incidents that gave
rise to the two settlements, and the circumstances and amount of each.  

        The State does not argue that
Trey failed to satisfy the second Craddock element, meritorious defense.

        Construing the evidence
liberally, we hold that Trey’s allegations, if proved, would constitute a
meritorious defense to the forfeiture action, and thus that Trey satisfied the
second Craddock element.

        3.     Trey’s motion for new
trial, supported by his affidavit, stated that he “is ready for trial and is
willing to reimburse” the State “for all reasonable expenses incurred in
obtaining the interlocutory default judgment.”  (1 C.R. at 54.)  

        The State does not argue that
Trey failed to satisfy the third Craddock element, prejudice to the
State.

        Construing the evidence
liberally, we hold that the evidence shows that the State would not be
prejudiced by a new trial, and thus that Trey satisfied the third Craddock element.

        Conclusion.  The trial court abused its discretion in
overruling Trey’s motion.  We sustain Trey’s issue.

        Having
sustained Trey’s sole issue, we reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed September 17, 2008

[CV06]