**Sol LEVINE, Dorothea Levine, and Mardan Energy Corporation, Petitioners,**

v.

**SHACKELFORD, MELTON & McKINLEY, L.L.P.; Bragg, Chumlea, McQuality; and Joseph G. Chumlea, P.C., Respondents.**

No. 06–0553.

Supreme Court of Texas.

Jan. 11, 2008.

Rehearing Denied April 9, 2008.

Thomas C. Wright, Richard Russell Hollenbeck, Julia Leigh Kurtz, Wright, Brown & Close, LLP, Houston, Thomas Glover Roberts, Roberts & Grant, P.C., Ben K. Barron, William V. Dorsaneo III, Dallas, Carlos G. Lopez, Irving, TX, for Petitioner

Brian D. Melton, Martha Hardwick Hofmeister, Joseph G. Chumlea, Shackelford, Melton & McKinley, LLP, Dallas, for Respondent.

Reagan W. Simpson, King & Spalding LLP, Houston, Roger W. Hughes, Adams & Graham, L.L.P., Harlingen, Jane M.N. Webre, Scott, Douglass & McConnico, L.L.P., Austin, TX, for Amicus Curiae.

PER CURIAM.

■ In this case, we consider whether the court of appeals applied the correct standard in affirming a trial court's denial of a motion to set aside a default judgment. A three-part test determines whether a court should grant a motion for new trial to set aside a proper default judgment. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The first part of the *Craddock* test requires that "the failure of the defendant to answer before judgment [i]s not intentional, or the result of conscious indifference on his part, but [i]s due to a mistake or an accident." *Id.* When applying this part of the *Craddock* test, the court of appeals defined "conscious indifference" in terms of "a person of reasonable sensibilities under the same or similar circumstances." 2006 WL 894875, at *5 (Tex. App.-Dallas 2006, pet. denied) (citing *Young v. Kirsch*, 814 S.W.2d 77, 81 (Tex. App.-San Antonio 1991, no writ) (en banc)).

The court of appeals held that the trial court did not abuse its discretion in denying the motion for new trial, and affirmed the trial court's denial. *Id.* 2006 WL 894875, at *9. Though the court of appeals articulated the "conscious indifference" requirement of the *Craddock* test incorrectly, it properly applied the test. We denied the petition for review, and now deny the motion for rehearing, but we write here to clarify the standard that the court of appeals used.

Three law firms sued Sol and Dorothea Levine and Mardan Energy Corporation (collectively, the Levines) for legal fees.[1] Before filing an answer, the Levines' attorney requested a written standstill agreement from the law firms, "where no pleadings, including the Answer, will be filed for a 45 to 60 day period while we attempt to have the mediation process run its course." When the law firms refused, the Levines' attorney agreed to file an answer by the November 29, 2004 deadline, but then failed to do so. Having not received an answer, a law firm attorney attempted to contact the Levines' attorney on December 6, 2004, advising that the law firms would take a default judgment if no answer was filed. The next day, the Levines' attorney assured the law firms that an answer would be filed on December 8, 2004. On Wednesday, December 8, the Levines' attorney emailed a draft of the proposed answer to the law firms, assuring them that he would send the answer to the court "by the end of the week."

The law firms delivered discovery requests to the Levines' attorney on December 15, 2004. The next day the parties attended mediation, which had been scheduled by agreement on November 24, 2004, though there still was no answer from the

Levines on file with the court. The law firms presented a default judgment motion to the trial court the next morning, eighteen days after the Levines' attorney first promised to file an answer, which was granted without a hearing. The Levines claim that their attorney placed the answer, along with a filing letter, in his "outgoing mail bin" four days before the trial court signed the original default judgment on December 17, 2004. Neither the trial court nor the law firms received the answer. The Levines' attorney never attempted to confirm that the answer had been filed. He did not even know until December 23, 2004, when his client informed him of the default judgment, that the clerk had not received the answer. The Levines subsequently made several motions to set aside the default judgment and obtain a new trial, all of which were denied by the trial court. The court of appeals held that the Levines did not satisfy the first prong of the *Craddock* test, and affirmed the trial court's refusal to set aside the default judgment. *Id.* 2006 WL 894875, at *9.

In applying the *Craddock* test to this case, the court of appeals examined the evidence and concluded that it "showed a pattern of conduct that disregarded deadlines, promises, procedures, and simple steps that a person of reasonable sensibilities would have taken to ensure that the answer was properly and timely filed." *Id.* 2006 WL 894875, at *7. The proper standard, however is not a negligence standard. "[T]he *Craddock* standard is one of intentional or conscious indifference—that the defendant *knew* it was sued but did not care." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575–76 (Tex.2006) (per curiam) (emphasis add-

---

1. The law firms are Shackelford, Melton & McKinley, L.L.P.; Bragg, Chumlea, McQuality; and Joseph G. Chumlea, P.C. They brought suit to recover unpaid legal fees total-

ing over $150,000, dating back to litigation from which each firm, with the consent of the Levines, had been allowed to withdraw.

ed). The Levines' attorney knew of the November 29, 2004 deadline for answer in the suit. He agreed to file a general denial by that date, but he did not do so. He again failed to meet an extended deadline. Though he eventually emailed a draft denial to the parties, he never attempted to confirm that an answer was filed, despite repeated discussions, emails, and contact with the opposing party warning him that if he did not file an answer, the law firms would take a default judgment. This pattern of ignoring deadlines and warnings from the opposing party amounts to conscious indifference.

The court of appeals incompletely described the standard that applies in this case. Noting that the complete definition of conscious indifference amounts to more than mere negligence, we deny the Levines' motion for rehearing.