# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00351-CV

### Serranos at Symphony Square, Inc. and Mama Ninfa's a/k/a Mama Ninfa's Austin Management, LLC, Appellants

### v.

### Winnie S. Rutledge, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-08-003861, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellee Winnie S. Rutledge asserted a negligence claim against appellants Serranos at Symphony Square, Inc. and Mama Ninfa's a/k/a Mama Ninfa's Austin Management, LLC. Rutledge obtained a default judgment against appellants after appellants failed to answer or otherwise appear. Appellants were notified of the judgment and timely filed a motion for new trial. The district court denied the motion for new trial. The record does not support a finding that appellants' failure to answer was intentional or the result of conscious indifference. Consequently, we reverse the judgment of the district court and remand.

### *Factual and Procedural Background*

On October 26, 2006, Rutledge was a lunchtime customer at a Serranos restaurant in Austin, Texas. While walking to her table, she slipped on the floor and fell, breaking her kneecap.

As a result of her injury, she incurred medical expenses and took several weeks off from her job. On October 23, 2008, Rutledge filed suit in district court against Serranos for negligence.[1]

David Quintanilla is the registered agent—and an owner—of Serranos. He was served with process on November 4, 2008. However, Serranos did not file a timely answer. Rutledge filed a motion for default judgment on February 24, 2009, a copy of which was delivered to Quintanilla on March 20. Rutledge also provided Serranos notice of the April 10 hearing on the motion, which was delivered to Quintanilla on April 8. Serranos did not appear at the hearing. On April 10, 2009, the district court entered a final default judgment against Serranos and in favor of Rutledge in the amount of $85,000.

On April 29, 2009, Serranos filed a motion for new trial in the district court. According to the affidavits attached to Serranos's motion and the testimony at the hearing on the motion,[2] Serranos's standard practice is that upon receiving service of a lawsuit alleging negligence or injury at one of their restaurants, Quintanilla has their insurance carrier notified so that the insurance company may arrange for defense of the suit. In this case, Quintanilla received the original petition and instructed his son David Ryan Quintanilla ("David Ryan") to inform the

---

[1] Rutledge also sued Mama Ninfa's, based on its allegedly being Serranos's "parent corporation," and the default judgment obtained by Rutledge was entered against both Serranos and Mama Ninfa's. However, in response to appellants' second point on appeal, Rutledge concedes that there is no evidence in the record to support a judgment against Mama Ninfa's and that, therefore, reversal of the district court's judgment is proper as to Mama Ninfa's.

[2] In proceedings on motions for new trial to set aside default judgments, the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006) (per curiam). Affidavits attached to the motions for new trial do not have to be offered into evidence in the proceedings to be considered by the trial court. *See Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

insurance carrier of the existence of the lawsuit. David Ryan was in training to manage the company. He was receiving supervision from Jimmy Moreno, who had managed Serranos's handling of lawsuits in the past, but beginning in June 2008 was frequently absent from the company. David Ryan delegated the handling of the citation and petition in this matter to his assistant, who "may or may not" have faxed the documents as instructed. Quintanilla also received the notice of the motion for default judgment and the notice of the hearing, and again instructed David Ryan to forward the documents to the insurance carrier. David Ryan either again delegated this responsibility, or "misunderstood [the] instructions and simply placed the letter in the file." According to David Ryan's testimony, this was only the second lawsuit filed against Serranos since he had begun having responsibility for managing them. For the first lawsuit, the attorneys retained by the insurance carrier handled everything, including all communications with opposing parties, and papers received directly by Serranos were also received directly by the attorneys handling the case. He testified that he assumed the same procedures applied to this lawsuit and were occurring.

The Monday following the Friday, April 10 hearing on the motion for default judgment and entry of default judgment, Quintanilla had asked David Ryan to obtain an update on the hearing and the case in general. David Ryan was informed by the insurance carrier that they had never been notified of the Rutledge lawsuit. He was also informed by the district court of the entry of default judgment. The insurance carrier then declined to accept the defense of the matter unless and until the default judgment was vacated. Serranos then obtained separate legal counsel and filed its answer in the suit and a motion for new trial.

3

On June 11, 2009, the district court denied Serranos's motion for new trial. Serranos appeals, contending that its failure to answer was not due to intentional disregard or conscious indifference and that, therefore, the motion for new trial should have been granted.

*Analysis*

When a default judgment is attacked by motion for new trial and the defendant was served but failed to answer, whether the default judgment should be set aside depends on the three *Craddock* elements. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam). A default judgment should be set aside and a new trial ordered when (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident, (2) the defendant sets up a meritorious defense, and (3) the defendant's motion for new trial is filed such that the granting thereof will not result in delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Here, the parties have stipulated that Serranos set up a meritorious defense and that the granting of a new trial will not operate to cause delay or otherwise injure Rutledge. The only issue is whether Serranos's failure to answer was intentional or the result of conscious indifference, or was due to a mistake or accident.

The court's ruling on a motion for new trial will not be disturbed on appeal in the absence of a showing of abuse of discretion. *See Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). However, a trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met. *Id.*; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam). The defendant's burden as to the

4

first *Craddock* element is satisfied when the factual assertions, if true, negate intent and conscious indifference by the defendant and the factual assertions are not controverted. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). In determining whether the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Id.* The proper standard is not a negligence standard. *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008) (per curiam). Rather, the standard is one of intentional or conscious indifference—that "the defendant knew it was sued but did not care." *Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 575-76 ("An excuse need not be a good one to suffice.").

Quintanilla and David Ryan both testified it was their belief that Serranos's insurance company was handling the defense of the lawsuit. This belief, though mistaken, was based on their prior experience in working with their insurance carrier. According to David Ryan, he "made a simple mistake in not personally making sure the citations were sent to the insurance company." No evidence was presented to controvert Quintanilla's or David Ryan's testimony. Serranos has demonstrated its lack of intentional or conscious indifference to Rutledge's lawsuit.[3]

---

[3] Rutledge refers to Serranos's failure to prepare an accident report regarding her injury, and Serranos's lack of response to three demand letters sent by her counsel to Serranos between the October 26, 2006 accident and the October 23, 2008 filing of the lawsuit, as evidence of conscious disregard. However, neither Serranos's actions at the time of Rutledge's injury nor its alleged disregard of the pre-suit letters is relevant, here, to the salient question of whether Serranos exhibited conscious indifference to its obligation to appear and answer in the lawsuit—i.e., whether Serranos "knew it was sued but did not care." *See Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 575-76.

We also recognize that Rutledge provided Serranos more time to respond to the suit than is required by the rules before seeking a default judgment. She also sent notice to Serranos of the hearing on her motion for default judgment even though she was not obligated to do so. However,

Rutledge relies on the supreme court's opinion in *Levine v. Shackelford, Melton & McKinley, L.L.P.* In that case, the defendants' attorney failed to file an answer by the deadline to which he had agreed. *See* 248 S.W.3d at 168. Then, after the plaintiffs' attorney warned him of the possibility of a default judgment, the defendants' attorney again provided assurance of a date by which the answer would be filed, but again no answer was filed. *See id.* The plaintiffs obtained a default judgment the following week, and the defendants' attorney was not aware of that judgment until his client informed him a week later. *See id.* Rutledge contends that *Levine* should govern this case. The supreme court in *Levine* held that the defendant's "pattern of ignoring deadlines and warnings from the opposing party" amounted to conscious indifference. *Id.* at 169. Here, however, the evidence demonstrates that none of the relevant parties—Quintanilla, David Ryan, and Serranos's insurance carrier—were fully aware of enough of the circumstances to understand that a default judgment was imminent. The insurance carrier was not aware of any deadlines—or even the lawsuit itself—and Quintanilla and David Ryan mistakenly assumed the deadlines were being met. Moreover, Serranos's obtaining knowledge of the default judgment occurred as a result of its own independent inquiry made before it was aware of the judgment, when Quintanilla sought a status update on the insurance carrier's handling of the lawsuit. Then, upon learning for the first time that the insurance carrier was, in fact, not handling the lawsuit, Serranos acted diligently,

---

Rutledge's pre-judgment conduct, while an example of making an effort to be fair and give more than adequate notice, is not at issue here. "In determining whether there was intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant." *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984).

obtaining counsel and timely filing a motion for new trial. These facts are not consistent with a finding of intentional or conscious indifference on the part of Serranos.

Based on supreme court precedent, we hold that Quintanilla and David Ryan's mistakenly believing that the insurance carrier had been notified and was handling the lawsuit did not constitute intentional disregard or conscious indifference to the lawsuit by Serranos. *See In re R.R.*, 209 S.W.3d at 115 (finding conscious indifference negated where based on mother's prior experiences "she believed no action on her part was necessary for her interests to be protected and for an attorney to be appointed for her without further action on her part"); *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984) (finding no intent or conscious indifference when defendant "believed that the papers were in the attorney's office and the suit was being handled by the attorney" because he and company officer each thought the other had sent the papers); *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972) (finding failure to answer excused where defendant "would have turned the papers over to the insurance company, and it was only through inadvertence and mistake that they were not turned over to the insurance company so that an answer could be filed").

We reverse the judgment of the district court and remand to the district court for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Reversed and Remanded

Filed: March 26, 2010

7