# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00044-CV

**Lennis L. Nichols, Appellant**

**v.**

**Brent Goodger and Patrice Goodger, Appellees**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
### NO. 14-O-148, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lennis L. Nichols appeals from a post-answer default judgment rendered in favor of appellees Brent and Patrice Goodger on the Goodgers' claims for fraud in a real-estate transaction and violations of the Texas Deceptive Trade Practices Act (DTPA). The Goodgers' suit claimed that Nichols, in the course of selling the Goodgers a house in Caldwell County, had failed to disclose foundation and septic-system defects and roof damage. Nichols failed to appear for trial, and the district court rendered judgment for the Goodgers, awarding actual and exemplary damages. On appeal, Nichols challenges the propriety of the default judgment, the denial of his request for a jury trial, the denial of his motion for new trial, the legal and factual sufficiency of the evidence supporting the judgment, and the legal sufficiency of the evidence supporting the award of exemplary damages. We will affirm the trial court's judgment.

**Background**

In August of 2012, Nichols sold his house in Caldwell County to the Goodgers. As part of the sale, Nichols represented to the Goodgers that they would have the use of a water well and, in the statutorily required seller's disclosure,[1] Nichols indicated among other things that he was not aware of any damage to, defects in, or need to repair the house's roof, septic system, or foundation. After closing the sale, the Goodgers discovered that they did not have use of the water well and that the foundation, septic system, and roof were defective or in need of repair.

After failed attempts to resolve the issue informally or through mediation, the Goodgers filed suit against Nichols for, among other claims, fraud and violations of the DTPA, alleging that Nichols had knowingly and intentionally failed to disclose the property's defects. The Goodgers' petition alleged that Nichols filed claims for roof and foundation damage in 2006 and 2011, respectively, but he failed to disclose this information or that the septic system was malfunctioning to the Nichols.

Nichols, who was served with citation at an address in Oklahoma, retained counsel and filed an answer that included a jury request. Nichols also responded to the Goodgers' discovery requests and filed a motion to designate the house's builder and Nichols's pre-closing inspector as responsible third parties. Later, Nichols consented to his attorney's withdrawal from the case and thereafter, according to the Goodgers, Nichols became difficult to reach. In fact, the Goodgers assert, Nichols failed to appear for a scheduling hearing in January 2015, an attempted mediation in

---

[1] *See* Tex. Prop. Code § 5.008 (requiring seller of residential real estate to provide purchaser with written document disclosing condition of property).

2

July 2015, a court-ordered mediation in August 2015, and a final judgment hearing in October 2015 despite phone calls and notices mailed to the Oklahoma address identified in Nichols's discovery responses as his home address. At trial, the Goodgers offered the affidavit of the mediator's scheduler, who testified that she called Nichols sixteen times to notify him of the court-ordered mediation date and sent notices via first-class mail which were marked "refused" by the carrier. Nichols has since testified that he left the mail sitting in his mailbox or refused it outright and that he did not get or respond to the phone calls or voicemail messages.

When Nichols failed to appear on the scheduled trial date, the district court rendered default judgment against him, awarding the Goodgers $55,985.07 in damages and attorney fees and $114,000 as exemplary damages. The district court also held Nichols in contempt of court for failure to appear at the court-ordered mediation.

After receiving notice of the judgment, Nichols hired a new attorney and filed a motion for new trial. At the hearing on that motion, Nichols testified that he was not indifferent to the court proceedings, but that he had expected notice of a trial to be delivered by a sheriff, in a manner similar to his service of process. According to Nichols, his belief stemmed from a conversation he had in early 2015 with the Goodgers' attorney in which he told her not to call him or send him any letters, but that he would appear in court when the sheriff gave him notice of a trial. But Nichols also acknowledged that the Goodgers' attorney had not agreed to have a sheriff deliver notice. The district court denied Nichols's motion for new trial.

**Discussion**

Nichols raises five issues on appeal, urging that the district court erred by (1) granting a post-answer default judgment against him when he had not received notice of the trial setting, (2) conducting a bench trial when Nichols had timely requested a jury trial, (3) denying Nichols's motion for new trial, (4) rendering judgment that was not supported by legal or factually sufficient evidence, and (5) awarding exemplary damages when there was no evidence that he acted with "actual knowledge."

**Default judgment**

In his first issue, Nichols argues that the district court erred in rendering default judgment against him because the court knew that Nichols did not have actual knowledge of the trial setting. In making this argument, Nichols relies on the Supreme Court's opinion in *Peralta v. Heights Medical Center, Inc.*, which set aside, on due-process grounds, a pre-answer default judgment against a defendant who had not been served with notice of the case against him.[2] Here, however, Nichols was personally served with citation[3] and was mailed notices of other settings, including the trial setting. Once a party is properly served with citation, the Texas Rules of Civil Procedure allow a party to be notified of a trial setting by mail as long as the notice is given at least 45 days in advance of the trial setting.[4] The Goodgers submitted evidence that, at every stage of the

---

[2] *See* 485 U.S. 80, 87 (1988).

[3] *See* Tex. R. Civ. P. 106 (authorizing personal service of citation).

[4] *See* Tex. R. Civ. P. 21a ("Every notice required by these rules, . . . other than citation to be served upon the filing of a case of action . . . , may be served by delivering a copy to the party to be served" by mail, commercial delivery service, fax, email, or by using personal service), 245 ("The

process requiring Nichols's appearance, they sent notices by certified or regular mail to the address Nichols provided. That Nichols either ignored the mail or refused it outright, as he acknowledged, does not change the fact that he was, in fact, given rule-compliant notice of the trial setting.[5] Nichols's refusal to receive or read the notices—which he uses as the basis of his argument that he did not receive *actual* notice of the trial setting—constitutes constructive notice of the trial setting.[6] Constructive notice under these circumstances satisfies due-process concerns.[7] Having determined that Nichols was constructively notified of the trial setting, we overrule Nichols's first issue.

**Jury request**

In his second issue, Nichols maintains that the district court denied him his constitutional right to a trial by jury when it held a bench trial after Nichols had properly demanded a jury trial.[8] But the Texas Rules of Civil Procedure provide that "[f]ailure of a party to appear for

---

Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties . . . .").

[5] *See* Tex. R. Civ. P. 21(a).

[6] *See Sharpe v. Kilcoyne*, 962 S.W.2d 697, 700 (Tex. App.—Fort Worth 1998, no pet.) (holding that defendant's knowledge of suit and refusal to accept mailings that pertained to suit constituted constructive notice of trial setting).

[7] *See id.* at 700 (holding that constructive notice satisfies *Peralta* due-process requirements) (citing *Peralta*, 485 U.S. at 84–85); *see also Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (noting that, based on *Peralta*, 458 U.S. at 84–85, due process requires "actual or constructive notice of the trial setting").

[8] *See* Tex. Const. art. 1, § 15 (The right of trial by jury shall remain inviolate.").

5

trial shall be deemed a waiver by him of the right to trial by jury.[9] We overrule Nichols's second issue.

**Motion for new trial**

In his third issue, Nichols complains about the district court's refusal to grant his motion for new trial. He asserts that the district court abused its discretion in denying his motion for new trial because he presented evidence that satisfies each element of the *Craddock* test.[10] We disagree. *Craddock* provides:

> [A] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."[11]

Initially, we note that Nichols's briefing on this issue is inadequate. The Texas Rules of Appellate Procedure require a party's brief, among other things, to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[12] Beyond his mere assertion that his evidence meets the *Craddock* test, Nichols's brief does not

---

[9] Tex. R. Civ. P. 220; *see Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) ("[A] party who fails to appear at a trial after filing an answer waives the right to a jury trial.").

[10] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *see also Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (trial court's denial of motion for new trial is reviewed for an abuse of discretion).

[11] *Craddock*, 133 S.W.2d at 126.

[12] Tex. R. App. P. 38.1(i).

6

include a discussion of the evidence or citations to the record. Regardless, however, because Nichols displayed a "pattern of ignoring deadlines and warnings from [the] opposing party," he is unable to prove under *Craddock* that his failure to appear was not the result of intentional or consciously indifferent conduct.[13] Accordingly, the district court did not abuse its discretion in denying the motion for new trial, and we overrule Nichols's third issue.

**Sufficiency of the evidence**

In his fourth issue, Nichols raises legal- and factual-sufficiency challenges to the evidence supporting three aspects of the district court's judgement. First, Nichols challenges factual sufficiency of the evidence supporting the district court's award of damages under the Goodgers' fraud and DTPA claims.[14] We point out initially that Nichols has not adequately briefed this issue.[15] Aside from the assertion that the Goodgers failed to meet their burden of establishing each of their claims, Nichols does not provide reference to the record or support his argument with citations to cases. Regardless, however, our review of the record shows that there is sufficient evidence to

---

[13] *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 169 (Tex. 2008) (holding that "pattern of ignoring deadlines and warnings from opposing party amounts to conscious indifference"); *see also McLeod v. Gyr*, 439 S.W.3d 639, 655 (Tex. App.—Dallas 2014, pet. denied) (holding that failure to appear at trial was result of conscious indifference because attorney admitted that he had received notice of the trial setting and disregarded it because case had settled).

[14] In a factual-sufficiency challenge to evidence supporting an adverse finding on an issue on which the challenger did not have the burden of proof at trial, we may set aside the finding only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 201 (Tex. App.—Austin 2005, pet. denied).

[15] *See* Tex. R. Civ. P. 38.1(i).

support the district court's judgment under either claim.[16]  For example, the Goodgers introduced evidence establishing that Nichols knew about the foundation and roof problems and the fact that he did not have access to the water well, but represented to the Goodgers that the house was free of any of these problems and that they would have access to the water well.  The Goodgers' evidence included testimony regarding the inspections and repairs done to the foundation and the roof, photographs of the house's problems, and a letter regarding Nichols's prior insurance claim for foundation damage.  The evidence also shows that although Nichols had patched and caulked damaged areas, Nichols failed to disclose the issues.  Finally, Brent Goodger testified that if Nichols had disclosed the problems, the Goodgers would not have purchased the property.  Applying the applicable factual-sufficiency standards of review, we cannot say that the judgment here is so contrary to the overwhelming weight of the evidence as to be clearly wrong.[17]

Nichols next asserts that the evidence supporting the district court's judgment is legally insufficient because the Goodgers "failed to adduce any evidence disposing of the liability issues raised as to" Nichols's designation of a responsible third party.  But the record before us shows that although Nichols filed a motion to designate responsible third parties, the district court never ruled on the issue and Nichols never designated a third party.  Even assuming he had designated a responsible third party, however, designation of a responsible third party is a defensive

---

[16]  *See, e.g.*, *Ernst & Young, L.L.P. v. Pacific Mut. Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (listing elements of fraud claim); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478–79 (Tex. 1995) (describing elements of DTPA claim).

[17]  *See Cain*, 709 S.W.2d at 176.

issue on which the defendant, not the plaintiff, bears the burden of proof.[18] As such, the Goodgers had no obligation to disprove the existence of a responsible third party.[19]

We overrule Nichols's fourth issue.

**Exemplary damages**

In his final issue, Nichols challenges the legal sufficiency of the evidence supporting the district court's award of exemplary damages.[20] Specifically, Nichols asserts that there is no evidence to support the district court's finding that Nichols had "actual awareness" of the falsity of his representations—a finding required for exemplary damages under a claim for fraud in a real estate transaction.[21] We disagree.

A person acts with "actual awareness" for purposes of a section 27.01(c) fraud claim when the person "knows what he is doing is false, deceptive, or unfair."[22] On appeal, Nichols's chief

---

[18] *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 209–10 (Tex. 2015) (explaining that matters under proportionate-responsibility statute, although no longer affirmative defenses, "remain defensive issues on which defendants, not plaintiffs, bear the burden of proof").

[19] *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (plaintiff is responsible for proving his claim in context of post-answer default judgment).

[20] When a party attacks the legal sufficiency of the evidence supporting an adverse finding on an issue on which they did not have the burden of proof, that party must demonstrate on appeal that there is no evidence to support the adverse finding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

[21] *See* Tex. Bus. & Com. Code § 27.01 (establishing elements for claim of fraud in real-estate transaction, including requirement that, to recover exemplary damages, false representation or promise must have been made with "actual awareness of the falsity thereof").

[22] *Scott v. Sebree*, 986 S.W.2d 364, 371 (Tex. App.—Austin 1999, pet. denied) (adopting for claims for fraud in real estate transaction Supreme Court's treatment of "actual awareness" in DTPA context (quoting *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51,

complaint is that, because there is no evidence showing what his mental state was at the time of the sale or his "mindset" in recognizing right from wrong, the evidence does not support the finding that he acted with actual awareness. But the statutory-fraud provision in the Business and Commerce Code specifies that "[a]ctual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness."[23] As described above, the evidence in the record before us is replete with objective manifestations indicating that Nichols knew of damages to and issues with the house—for example, his prior insurance claims based on the damages—and that he concealed the damage to the house by, for example, attempting to repair the damage or hide it using masonry patches or caulk. Under a legal-sufficiency standard of review, we must view the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it.[24] Doing so here, we cannot say that the district court erred in finding that Nichols had actual awareness of the falsity of his representations.

We overrule Nichols's fifth issue.

## Conclusion

Having overruled each of Nichols's issues, we affirm the district court's judgment.

---

53–54 (Tex. 1998))); *see Kelley v. Kelley*, No. 11-03-00278-CV, 2004 WL 2359986, *4 (Tex. App.—Eastland Oct. 21, 2004, no pet.) (mem. op.) (agreeing with *Scott* and applying *St. Paul* in statutory-fraud context).

[23] Tex. Bus. & Com. Code § 27.01(d).

[24] *See City of Keller*, 168 S.W.3d at 807.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed

Filed:   July 20, 2017

11