

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00448-CV

———————————————

TEXAS WORKFORCE COMMISSION AND THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, Appellants

V.

TAUFIQ AHMED; ZIKREEL AHMED; BANK OF AMERICA, N.A.; MAYFAIR STATION, LLC; AMERICAN BUSINESS LENDING, INC.; INLAND AMERICAN ARLINGTON RIVERVIEW LIMITED PARTNERSHIP; CITY OF FORT WORTH; FORT WORTH INDEPENDENT SCHOOL DISTRICT; TARRANT COUNTY; TARRANT COUNTY COLLEGE DISTRICT; TARRANT COUNTY HOSPITAL DISTRICT; TARRANT REGIONAL WATER DISTRICT; AND UNKNOWN MEMBERS, SUCCESSORS, AND ASSIGNS OF MURRAY INVESTMENT COMPANY, Appellees

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-B42882-11

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Two lienholders—the Texas Workforce Commission (TWC) and the Texas Comptroller of Public Accounts—appeal from the trial court's final judgment disbursing all the excess proceeds of a tax-lien-foreclosure sale to a third lienholder, IA America Arlington Riverview Limited (IA America). *See* Tex. Tax Code Ann. §§ 34.03–.04. The trial court rendered its judgment after a hearing at which TWC and the Comptroller were not present. TWC and the Comptroller complain in two issues that the trial court erred by denying their post-default-judgment motion for new trial because IA America did not properly serve them with its petition to disburse excess proceeds and because they established their right to a new trial under *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). The Comptroller additionally complains in a separate issue that because all service on its behalf in this suit has been to the Attorney General, a separate agency, it has never been properly served with citation or any document in the suit. Because we hold that the trial court rendered its excess-proceeds judgment after insufficient statutory notice, we reverse the judgment and remand the case to the trial court for a new trial.

### Background

Various local taxing authorities (the City of Fort Worth, Tarrant County, Fort Worth Independent School District, Tarrant Regional Water District, Tarrant County Hospital District, and Tarrant County College District) filed a petition to recover delinquent property taxes from Taufiq and Zikreel Ahmed by foreclosure. The

2

petition also named several lienholders as defendants, including IA America and two State entities:

• the "State of Texas, (lienholder, in rem only), . . . having acquired its interest in the subject property through [TWC], an agency thereof, . . . upon whom service may be obtained by serving J. Ferris Duhon, Legal Counsel, 101 E. 15th Street, Austin, Texas 78778" and

• the "State of Texas, (lienholder, in rem only), . . . having acquired its interest in the subject property through the Comptroller . . ., an agency thereof, . . . upon whom service may be obtained by serving Greg Abbott, Attorney General for the State of Texas or his designee for service of process, 300 West 15th Street, Austin, Texas 78701."

The Tarrant County District Clerk served citation on TWC, the Attorney General of Texas, and IA America by certified mail; the return-receipt cards confirming service are included in the clerk's record. But neither TWC, nor the Attorney General, nor IA America filed an answer, and none of those named and served defendants appeared at the tax-lien-foreclosure hearing. The trial court rendered judgment allowing the taxing entities to hold a foreclosure sale to recover the delinquent taxes. A note on the judgment indicates that it was mailed to the defaulting defendants.

After the property was sold at foreclosure and the taxing authorities were made whole, the Constable deposited $39,965.37 in excess proceeds with the District Clerk.

Thereafter, in January 2016, the District Clerk notified most of the defendants, including TWC, that an excess existed. But nothing in the record shows that the District Clerk notified either the Comptroller or the Attorney General of the excess proceeds' deposit. *See* Tex. Tax Code Ann. § 34.03(a)(3) (requiring the clerk to notify the Attorney General of any excess-proceeds deposit if a state agency represented by the attorney general is named as an in rem defendant in the underlying tax-lien-foreclosure suit).

IA America filed a Petition for Claim of Excess Proceeds in the same trial-court cause number on February 19, 2016, but the record does not show that it served the petition on any party to the underlying tax-lien-foreclosure proceeding. On October 6, 2017, IA America's attorney filed a notice of trial setting for December 13, 2017; the certificate of service indicates that it was "served upon the Plaintiff and Defendant via electronic notification," but it does not list all the multiple plaintiffs and defendants.

On October 26, 2017, the attorney ad litem for one of the defendants[1] filed a motion to distribute the excess funds to IA America. In that motion's certificate of service, the ad litem twice listed the "State of Texas (Lienholder, In Rem Only)," once through Duhon at TWC's address and once through the Attorney General at the

---

[1]The trial court appointed the ad litem for "The Unknown Members, Successors, And Assigns Of Murray Investment Company (Lienholder, In Rem Only)."

Attorney General's address. The same day, the ad litem filed a notice of hearing notifying "all parties" that the trial court had set the "Motion for Excess Proceeds" for a hearing on November 13, 2017. He listed the same two State contacts in the certificate of service attached to that notice.

No representative appeared for TWC or the Comptroller at the hearing. The trial court signed an order authorizing the District Clerk to distribute $900 to the ad litem, a check for court costs to the District Clerk, and the remaining excess proceeds to IA America's attorney's trust account.

Fourteen days later, TWC and the Comptroller filed an answer to IA America's petition, a motion for rehearing, and alternatively a motion for new trial. The State entities argued that the disbursement order was not final because it did not dispose of all parties but that if it did, then they were entitled to a new trial because IA America did not serve them with its petition. The Comptroller added that because the Comptroller is a separate agency from the Attorney General's office, it had never been properly served even with the initial tax-foreclosure suit. Alternatively, both entities argued that they met the *Craddock* elements for obtaining a new trial.[2] 133 S.W.2d at

---

[2]Under this well-established standard, a defendant is entitled to a new trial if, in its motion for new trial, it establishes that (1) its nonappearance was not intentional or due to conscious indifference, but was instead the result of an accident or mistake; (2) it has "set up" a meritorious defense; and (3) granting the motion will not unduly delay or otherwise injure the nonmovant. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009).

126. The trial judge did not rule on the motion for rehearing and allowed the new-trial motion to be overruled by law. *See* Tex. R. Civ. P. 329b(c).

TWC and the Comptroller filed this appeal and submitted a joint brief. No appellee has filed a brief.

**Neither IA America's Petition nor the Ad Litem's Hearing Notice Was Served Timely Under Tax Code Section 34.04(b)**

In their motion for new trial, TWC and the Comptroller asserted that (1) they never received a copy of IA America's petition for excess proceeds and (2) although TWC and the Attorney General received the ad litem's hearing notice, they did not receive that notice at least 20 days before the scheduled excess-proceeds hearing.

Tax code section 34.04(b) requires an excess-proceeds claimant to serve a copy of its petition in accordance with rule 21a "on all parties to the underlying action not later than the 20th day before the date set for a hearing on the petition."[3] Tex. Tax Code Ann. § 34.04(b); Tex. R. Civ. P. 21a. Notice properly sent according to rule 21a raises a presumption of receipt, but notice must be proved when challenged. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). Nothing in the record shows that IA America served its petition for excess proceeds in compliance with rule 21a; thus, no

---

[3]Although the legislature chose not to require new service of citation with a petition to claim excess proceeds under section 34.04, the 20-day requirement does roughly correspond with the time for filing an answer when properly served with citation in a separate suit. *See* Tex. R. Civ. P. 99(b).

evidence exists that TWC and the Comptroller received the required statutory notice that IA America had filed an excess-proceeds petition.[4] *See id.* at 745–46.

Although TWC admits that on October 30, 2017, it received the ad litem's hearing notice on the excess-proceeds petition, its legal assistant's affidavit stated that this was insufficient time for its General Counsel's office to log the suit into TWC's central log and for its Regulatory Integrity Division to then evaluate the case and refer it to the Attorney General for representation.[5] She stated that TWC followed its normal process and forwarded the hearing notice to the Attorney General, requesting representation, on November 15, 2017.

The Comptroller attached an affidavit from its Assistant General Counsel for Agency Affairs stating that the Comptroller has no record of being served with process for the initial tax-foreclosure suit, nor any record of receiving IA America's petition for excess proceeds.

---

[4]For this reason, we need not address the Comptroller's second issue arguing that the service of citation of the initial tax-foreclosure suit on the Attorney General could not be effective against it because it had not yet requested representation. *See* Tex. R. App. P. 47.1. As noted above, the Comptroller has now filed an answer in the suit.

[5]The legal assistant also opined that if the Regulatory Integrity Division had properly forwarded the District Clerk's notice of excess proceeds to the Attorney General—its usual procedure that, inexplicably, the Division did not follow here—the Attorney General would have timely filed a claim to the excess proceeds on TWC's behalf instead of TWC's having to respond to IA America's petition.

Moreover, the face of the record shows that the ad litem did not serve the hearing notice at least 20 days ahead of time. The notice's certificate of service recites that the ad litem faxed it[6] on October 26, 2017, 18 days before the hearing. Thus, even if the hearing notice's service could be construed as evidence of the petition's service under section 34.04(b), it was nevertheless untimely so that TWC and the Comptroller have proved the first required *Craddock* element. *Cf. In re Marriage of Parker*, 20 S.W.3d 812, 818–19 (Tex. App.—Texarkana 2000, no pet.) (holding that defaulting party satisfied first *Craddock* element by showing that he received less than 45 days' reasonable notice of trial under rule 245); *Blanco v. Bolanos*, 20 S.W.3d 809, 811–12 (Tex. App.—El Paso 2000, no pet.) (reversing trial court's post-answer default judgment in restricted appeal when face of record showed that Bolanos did not give Blanco the required 45 days' notice of the trial setting under rule 245); *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex. App.—Tyler 1999, no pet.) (reversing post-answer default judgment for new trial when evidence showed petitioner mailed trial-setting notice one week before trial); *see also Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 169 (Tex. 2008) (per curiam) (holding that even negligence will suffice to meet the first *Craddock* element).

---

[6]Only one fax number appears on the certificate of service—that of Stephen Meeks, the taxing authorities' counsel who filed the initial tax-lien-foreclosure petition; the remaining named defendants, including TWC and the Attorney General, are listed only by address.

TWC and the Comptroller set up a meritorious defense that as lienholders, they are statutorily entitled to claim at least part of the proceeds. *See* Tex. Tax Code Ann. § 34.04(c)(3). And they alleged in their motion that they are prepared to conduct a new trial "at the [c]ourt's earliest convenience" and that IA America will not be prejudiced because it has notice of both liens. *See Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994). Accordingly, we conclude that both TWC and the Comptroller met all three *Craddock* elements to be entitled to a new trial. We therefore sustain their first and third issues, reverse the trial court's judgment, and remand this case for a new trial. *See* Tex. R. App. P. 43.2(d).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  March 28, 2019

9