**Opinion issued February 20, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00841-CV

_____

**STEALTH ONSITE SOLUTIONS, LLC, Appellant**

**V.**

**RESOLUTE ENVIRONMENTAL & RESPONSE SERVICES, LLC, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-15102**

---

## MEMORANDUM OPINION

This is an appeal of a final summary judgment in which the nonmovant did not timely file a response. Stealth Onsite Solutions, LLC now challenges the trial court's denial of its motion for leave to file a late summary-judgment response. It also argues that the trial court erred in granting summary judgment in favor of

Resolute Environmental & Response Services, LLC—awarding actual damages, pre- and post-judgment interest, and attorney's fees.

We affirm.

## Background

Resolute is engaged in the business of industrial, waste-management, safety and training, and chemical and natural-disaster remediation services. According to the allegations in Resolute's petition, Stealth requested that Resolute supply labor and materials to Stealth in connection with Stealth's remediation services. According to Resolute, it provided the labor and materials requested by Stealth in accordance with the parties' contract. And Stealth agreed to pay Resolute for the labor and materials based on the pricing listed on the invoices submitted by Resolute.

After Stealth received and accepted the labor and materials provided by Resolute, Resolute invoiced Stealth. Resolute alleged that Stealth failed to tender the amount owed—$18,112.50. Thereafter, Resolute sued Stealth, alleging causes of action for a suit on a sworn account, breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. Resolute sought damages, pre- and post-judgment interest, and attorney's fees. Stealth answered with a general denial and asserted the affirmative defense of offset.

In June 2023, Resolute served Stealth with requests for production and interrogatories. In those discovery requests, Resolute requested that Stealth produce

2

copies of all documents supporting its claim that Resolute failed to provide an offset or credit that Stealth was entitled to receive. Resolute also requested that Stealth identify: (1) the amount of each credit or offset claimed; (2) the invoice to which each credit or offset applied; (3) the applicable date of each credit or offset claimed; and (4) a description of the facts supporting Stealth's claim of entitlement to such credit or offset. . Stealth failed to respond to the discovery requests—even after communications between counsel for Resolute and Stealth regarding the late responses.

Resolute filed a motion to compel Stealth's responses to discovery, which the trial court granted on August 29, 2023. The trial court ordered Stealth to serve its responses to Resolute's discovery requests, and produce all responsive documents, within 10 days of the date of the order—by September 8.

After Stealth did not comply with the trial court's order compelling discovery responses, Resolute moved for traditional summary judgment on all of its causes of action. As summary-judgment evidence, Resolute attached an affidavit from Ragan Ygdevik, its custodian of records, stating that the charges described in the attached invoices are just and true, that the amount owed by Stealth "after giving all lawful offsets, payments and credits is $18,112.50," and that Stealth has refused to pay that amount due. Resolute also attached six invoices describing the labor and materials provided to Stealth and the amounts charged.

Resolute set its motion for summary judgment for submission for October 9, 2023, making Stealth's response due October 2.[1]  Stealth failed to file its response by October 2.

Instead, on October 9, the date of submission, Stealth moved for leave to file a late summary-judgment response and filed a response.  In its motion for leave and attached affidavit, Stealth's counsel stated that there was good cause for Stealth's failure to timely respond to the motion because he "had three other motions to respond to last week and accidentally thought this matter had been resolved."  Stealth also argued that permitting it to late file its summary judgment response would not cause Resolute undue prejudice because it would not hamper Resolute's ability to prepare for trial, as the close of discovery was not until December 1, 2023.  In the alternative, Stealth moved for a two-week continuance of the summary-judgment submission date "so as to permit its response to be timely and to permit [Resolute] time to file a reply to the response."

Stealth also attached to its summary judgment response an affidavit from Stealth's corporate representative, Kenneth Isbell, stating that Resolute's labor and materials were defective, that Resolute failed to provide all the required labor or materials, and that Resolute double billed and overcharged for work it did perform.  Isbell averred that Stealth was therefore entitled to a setoff of at least $7,000 and

---

[1]     *See* TEX. R. CIV. P. 166a(c).

that, despite being informed of Stealth's position with respect to the offset, Resolute refused to provide amended invoices reflecting any offset.

Resolute objected to the motion for leave and to Stealth's summary judgment response.

The trial court denied Stealth's request for leave and granted Resolute's motion for summary judgment. The final summary judgment awards Resolute $18,112.50 in damages, as well as pre- and post-judgment interest and attorney's fees.

## Late-Filed Summary-Judgment Response

Stealth initially argues that the trial court erred in denying its motion for leave to file a late summary judgment response, or in the alternative a continuance, because it established good cause for its failure to timely respond.

### A. Standard of Review

We review a trial court's ruling on a motion for leave to file a late summary judgment response for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). We likewise review a trial court's denial of a motion for continuance for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Carpenter*, 98

S.W.3d at 687 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

**B.     Motion for Leave to File Late Response**

**1.     Applicable Law**

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c).  The nonmoving party must obtain leave to file evidence after that deadline. *Id.*

A motion for leave to file a late summary judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 688.  Conscious indifference is more than negligence; it involves behavior such as a "pattern of ignoring deadlines and warnings from the opposing party." *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168–69 (Tex. 2008) (discussing conscious indifference in default-judgment context).

## 2. Analysis

In its motion for leave and its accompanying unsworn declaration from counsel, Stealth argued that it established good cause for its failure to file a response until the date of submission because its counsel (1) had three other motions to respond to in the same week and (2) accidentally thought the matter had been resolved. But applying the good-cause standard set forth above, we conclude that the trial court did not abuse its discretion in denying Stealth leave to file a late response.

With respect to the first proffered reason, Stealth points to no authority for the proposition that an attorney's workload on other cases amounts to an accident or mistake such that it is good cause for the failure to respond. Nor are we aware of any. To the contrary, courts have held that "[a] statement that a delay in responding was due to the attorney's busy schedule, without more, is *not* sufficient to show good cause for permitting the late filing of a response to a summary-judgment motion." *AutoSource Dall., LLC v. Addison Aeronautics, LLC*, No. 05-16-00838-CV, 2017 WL 2492787, at \*4 (Tex. App.—Dallas June 9, 2017, no pet.) (mem. op.) (emphasis added).[2]

---

[2]     *See also Hernandez v. Zapata*, No. 04-19-00507-CV, 2020 WL 3815932, at \*2 (Tex. App.—San Antonio July 8, 2020, no pet.) (mem. op.).

7

In addition, Stealth offered no other evidence to support its counsel's statement that he had "three other motions to respond to last week," nor any explanation as to how and why its counsel's workload resulted in its failure to timely respond by the deadline. *See Carpenter*, 98 S.W.3d at 688 (holding that trial court did not abuse its discretion by denying leave to file late response in part because appellant's counsel offered no explanation of alleged calendaring error "from which the trial court might determine that an accident or mistake had occurred").[3] This lack of factual support and explanation regarding counsel's alleged mistakes "leaves the trial court without any means of determining whether an excusable accident or mistake had in fact occurred." *See Hernandez v. Zapata*, No. 04-19-00507-CV, 2020 WL 3815932, at *3 (Tex. App.—San Antonio July 8, 2020, no pet.) (mem. op.) (quoting *Duchene v. Hernandez*, 535 S.W.3d 251, 257 (Tex. App.—El Paso 2017, no pet.)); *see also Carpenter*, 98 S.W.3d at 688.

The same is true with respect to the second proffered reason for its failure to respond. Although Stealth's counsel stated that he "accidentally thought this matter had been resolved," Stealth presented no evidence or explanation of *why* its counsel

---

[3]     *See id.* (concluding that although motion for leave provided that counsel incorrectly calendared date of summary judgment hearing because counsel confused two of their cases, that statement alone did not explain how and why that calendaring error caused counsel to miss filing deadline).

believed the matter had been resolved. *Carpenter*, 98 S.W.3d at 688; *see also Hernandez*, 2020 WL 3815932, at *2.

Nor did Stealth present any evidence that it had entered into a Rule 11 agreement with Resolute to waive or postpone discovery deadlines while the parties tried to reach a settlement, or any evidence that it moved the trial court for an extension of time to respond to the summary judgment motion before the date of submission. *See Todd v. Heinrich*, No. 01-10-00267-CV, 2011 WL 2183881, at *9–10 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.) (holding that explanation that counsel "mistakenly thought the parties were working towards some kind of settlement" was insufficient to establish good cause for failure to respond to motion for summary judgment).

Instead, the record demonstrates a pattern of ignoring discovery requests and failing to respond to requests and motions.[4] *See id.* at *9. Such a pattern is indicative, not of an accident or mistake, but rather of conscious indifference. *See Levine*, 248 S.W.3d at 169 ("This pattern of ignoring deadlines and warnings from the opposing party amounts to conscious indifference."); *see also Todd*, 2011 WL 2183881, at *9.

---

[4]     As referenced above, Stealth failed to respond to Resolute's discovery requests, despite communications between counsel with respect to the missed deadline and Resolute's warning that it would have to file a motion to compel if it did not receive Stealth's responses. The trial court granted Resolute's motion to compel. But even faced with an order compelling discovery, Stealth failed to respond to the discovery requests.

Based on this record, we conclude that Stealth failed to establish good cause for failing to timely respond by showing that its failure was not intentional or the result of conscious indifference, but the result of accident or mistake. *See Carpenter*, 98 S.W.3d at 688. Consequently, the trial court did not abuse its discretion in denying Stealth's motion for leave to file the late response.

## C.     Motion for Continuance

In the alternative, Stealth requested that the trial court continue the submission date for Resolute's motion for summary judgment for 14 days, to permit its response to be timely and allow Resolute time to file a reply. Stealth argues that the trial court abused its discretion by denying this alternative request for a continuance.

Stealth asserted in its motion for leave that, under Rule 166a(g), "a nonmovant can ask a court to continue the hearing to a later date as an alternative." But Rule 166a(g) allows the trial court to order a continuance of a summary-judgment hearing "to permit affidavits to be obtained or depositions to be taken or discovery to be had" if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g). A party contending that it has not had an adequate opportunity for discovery before a summary-judgment hearing either must file an affidavit explaining the need for further discovery or file a verified motion for continuance.

10

*See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see also* Tex. R. Civ. P. 166a(g), 251, 252.

Here, despite relying on Rule 166a(g), neither Stealth's motion nor the unsworn declaration attached to the motion set forth any facts regarding Stealth's need for further discovery. The entirety of Stealth's request for a continuance reads as follows: "In the alternative, plaintiff requests the Court to continue the submission date for this motion for 14 days, until October 23, 2023, so as to permit its response to be timely and to permit plaintiff time to file a reply to the response." The unsworn declaration contains the same limited language. Because Stealth's motion for continuance did not comply with the rules of civil procedure, the trial court also did not abuse its discretion in denying a continuance. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

We overrule Stealth's first issue.

**Traditional Motion for Summary Judgment**

Stealth next argues that the trial court erred in granting summary judgment in favor of Resolute. According to Stealth, it raised a fact issue on the defense of offset as to each of Resolute's causes of action.

**A.    Standard of Review**

We review a trial court's grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). In a traditional motion

11

for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705.

A trial court may not grant summary judgment by default because "summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see also Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). If a nonmovant fails to present any issues in its response or answer to the motion for summary judgment, the nonmovant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal"); *McConnell*, 858 S.W.2d at 343 ("If a non-movant fails to present any issues in its response or answer, the movant's right is not established and the movant must still establish its entitlement to summary judgment. The effect of such a failure is that

12

the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant.").[5]

## B.    Analysis

Here, because we have already concluded that the trial court did not abuse its discretion in denying Stealth leave to file a late response, Stealth effectively did not respond to Resolute's motion. Accordingly, on appeal, Stealth is limited to attacking the legal sufficiency of the evidence to support summary judgment. *See Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022); *McConnell*, 858 S.W.2d at 343.

But Stealth does not attack the sufficiency of Resolute's proof supporting the summary judgment. Rather, the only argument Stealth raises on appeal is that *its own evidence*—attached to its late filed summary judgment response—created a fact issue sufficient to defeat summary judgment. It never disputes the summary judgment evidence offered by Resolute.[6] Accordingly, because Stealth fails to make

---

[5]    *See also Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) ("The trial court may not grant summary judgment by default because the nonmovant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient.").

[6]    Offset is an affirmative defense on which a defendant generally bears the burden of proof. *See Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 60 (Tex. App.—Houston [1st Dist.] 2013, no pet.). But a plaintiff's suit on sworn account, one of the causes of action Resolute brought, must "reveal" any offsets made to the account. *See* TEX. R. CIV. P. 185; *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.—Dallas 2006, no pet.). Stealth points this out in one line in its brief but does not expand on this or challenge Resolute's proof of offsets with respect to its suit

the only argument it could raise on appeal, nothing is presented for our review with respect to the trial court's granting of summary judgment in favor of Resolute. *See Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *2 n.1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.).

We therefore overrule Stealth's second issue.

## Conclusion

For all the reasons above, we affirm the trial court's judgment in all things.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.

---

on sworn account. Instead, Stealth's argument focuses on its own proof creating a fact issue on offset. For that reason, we do not read Stealth's brief to challenge the sufficiency of the evidence presented by Resolute of the offset element of its suit on sworn account. *See Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *2 n.1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.). Even if it did, the evidence Resolute presented, which consisted of an affidavit from Ygdevik stating that the amount owed by Stealth "after giving all lawful offsets, payments and credits is $18,112.50," was sufficient. *See, e.g.*, *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 834–35 (Tex. App.—Dallas 2014, no pet.).